MISSISSIPPI CENTRAL R. R. Co. v. ELIAS A. FORT.

1. FORM OF ACTION—ASSUMPSIT—TRESPASS.—Where the plaintiff sues in *assumpsit* to recover the value of live stock killed or injured, and files, with his declaration, an account specifying the various animals and the value of each, he cannot take judgment final for want of appearance or plea of defendant, under the provisions of art. 253, Rev. Code, 521; that article, so far as it allows final judgment, refers to actions *ex contractu* alone.

2. SAME.—The proper form of action for such injury would be trespass, and, although the plaintiff may waive the tort and recover the value in *assumpsit*, he can not thus secure the benefit of that statue. The injury results from a trespass, and not from a contract express or implied.

3. SAME.—The *gravamen* of the suit is the injury resulting from the negligent conduct of the defendant, resulting in the destruction of the stock; and to recover, the plaintiff must show the facts in evidence that would sustain an action of trespass; and however pleading may set it out in one form of action or another, it remains essentially the same, sounding in damages.

Error to the circuit court of Yazoo county. CAMPBELL, J.

Plaintiff in error assigned the following error:

That the judgment by default was rendered against them without a writ of inquiry, and made final and absolute without the intervention of a jury; whereas, this being an action for damages, the gist of which was negligence, no judgment final by default could be legally rendered against him.

*Campbell & Calhoun*, for plaintiffs in error.

The only error assigned in this case, is that judgment final by default, without a writ of inquiry, was rendered against appellant, who was defendant in the court below.

The action was in tort; negligence was its gist. It sounded purely " in damages," and therefore was not a case for judgment final by default, but required an interlocutory judgment, with writ of inquiry. This is too well settled to require argument. Rev. Code, 521, art. 255.

*Hudson & Nye*, for defendant in error.

This suit was founded upon an " open account," strictly itemized as to the articles and value of each, separately, with the dates thereof; and was a case for judgment final, by default, and not a case of trespass *vi et armis* sounding purely in damages, but an action simply to recover the value of the articles named in the account filed.

The record shows that the suit was brought on the account, that the amount of the account only was demanded, with interest thereon.

It is true, that we declare in our declaration by way of recital how and by what means, and the circumstances under which, defendant below incurred the liability sued on, to-wit: By the destruction of our property by negligence.

The plaintiff below had the right to waive the trespass, and sue for the value of the property. This was not a suit for speculative damages by reason of a trespass, but upon an open account, for a sum certain, filed with the declaration, and indorsed on the summons, and is within the provisions of Revised Code, 521, art. 253.

The declaration may not be technically correct, and may be calculated in some degree to mislead, as to the nature of the action, yet, that is cured by the statute of jeofails. Rev. Code, 508.

But suppose we are wrong in this, we insist that the judgment by default was right, except that portion fixing the amount of the judgment. This court cannot reverse the

judgment by default, only so far its amount is concerned, preserving the judgment in all other respects, and directing the court below to order a jury to assess the damages.

Simrall, J.:

Elias A. Fort sued the Mississippi Central R. R. Co. in assumpsit, for the value of sundry cattle and hogs killed and destroyed by " the negligent conduct of the agent of the company." With the declaration was filed a schedule of the several animals killed or injured, with the value of each annexed—the aggregate value of the whole footing up $311 75. The railroad company making no appearance or defense, judgment by default, final, was rendered for the $311 75, and interest.

The only question is, whether this judgment was justified by the allegations of the pleading. Art. 253, Rev. Code, 521, permits a final judgment for " want of appearance, or plea," in actions founded on an instrument of writing ascertaining the sum due, or " on open account, when a copy of the account is filed with the declaration," etc. But when the sum due does not appear, " and in all actions sounding in damages, interlocutory judgments may be taken," etc. The entire article, in so far as it allows final judgments, refers to actions *ex contractu*. It is not permissible, by a mere change of the form of the action, to alter the essential principles which characterize causes of action.

The appropriate form of action for the injury complained of, is trespass, and not *assumpsit*. If the plaintiff may waive the tort, and recover for the value of the animals destroyed, he cannot thereby receive the benefits of this statute, which was meant for no such case. The damages which have resulted, flow from a trespass, and do not spring from a contract expressed or implied. To recover, the plaintiff must show the same condition of facts, in evidence, that would have sustained the action of trespass; the *gravamen* of the suit is the negligent conduct of the company's agent, resulting in the destruction of the stock, and however pleading

may set it out in one form of action or another, it remains essentially the same. Within the words of the statute, "it sounds in damages." The fact that the plaintiff states in the schedule the value of the animals, headed with a charge of indebtedness, does not impart to it the characteristic import of an "open account," meant by the statute.

Judgment reversed, and case remanded.