ILLINOIS CENTRAL R. R. Co. *v.* W. H. ANDREWS.

1. APPEAL. *From judgment by default in justice's court.*
    The failure of a defendant to interpose a defense in the magistrate's court does not preclude him from defending in the circuit court on appeal. *Callahan* v. *Newell, ante.*

2. ACTION ON OPEN ACCOUNT. Section 1627, *Code* 1880, *construed.*
    Section 1627, Code 1880, is only applicable when the cause of action arises *ex contractu.*

APPEAL from the Circuit Court of Holmes County.

HON. CHARLES H. CAMPBELL, Judge.

W. H. Andrews brought suit in the justice's court against the appellant on the following open account:

WEST MISS., January 31, 1883.

ILLINOIS CENTRAL RAILROAD CO.
　　　*To W. H. Andrews, Dr.*

| | | |
|---|---|---:|
| 1882, Dec. 25. | To killing one cow, . . . . . . . . . | $30.00 |
| 1883, Jan. 10. | To killing one cow, . . . . . . . . . | 25.00 |
| "　" | To killing one ox, . . . . . . . . . | 15.00 |
| | | $70.00 |

This account was sworn to under § 1637 of the Code of 1880.

Judgment by default was rendered against the appellant, who appealed to the circuit court.

The appellant did *not* file in either court an affidavit denying the correctness of the account sued on, as provided in § 1627 of the Code of 1880.

On the trial in the circuit court the appellant objected to the plaintiff's reading in evidence the above account with affidavit attached, upon the ground that the said affidavit to said statement was not within the provisions of § 1637, Code 1880, and that § 1627 had no application to actions founded in tort. Appellant at the same time offered to show by the record and other proof, in addition to the facts appearing on the face of the statement sued on, that the plaintiff's action was founded on the killing of the plaintiff's cattle by appellant's cars or locomotive. This objection was overruled and the court refused to allow appellant to make the proof offered. Appellant excepted. The statement and annexed affidavit were read to the jury, and the plaintiff moved for a judgment against the appellant. Appellant objected to the granting of the motion upon the same grounds above set forth. The objection was overruled and the court announced that judgment should be entered for the plaintiff for seventy dollars and six per cent. interest from January 10, 1883, to which appellant objected and then excepted. No further evidence was introduced on behalf of the plaintiff.

The court gave the following instruction for the plaintiff, to the granting of which appellant excepted: "The court instructs the jury that two suits have been consolidated in this trial marked respectively No. 1756 and No. 1780, and that as to the amount demanded by plaintiff in said No. 1756, the certified transcript of the record and proceedings, transmitted on appeal from the decision of an acting justice of the peace, show that in said No. 1756 said justice rendered a judgment by default against defendant because defendant failed to join the issue tendered or to deny the justness and correctness of plaintiff's demand by filing a counter affidavit to the one made by plaintiff and attached to his account sued on in said court, or to make any plea or appearance in said court, and that after permitting such judgment to 'be rendered against' it

defendant cannot appeal to this court and for the first time deny the legality of plaintiff's demand in said No. 1756, and the jury will find for the plaintiff the sum of seventy dollars with six per cent. interest from February, 1883."

*W. P. & J. B. Harris,* for the appellant.

The court clearly erred in rendering judgment for the plaintiff. While we recognize the principle that a party can waive tort and sue in assumpsit, yet this does not bring this case within the meaning of § 1627 of the Code of 1880. Nor is a case founded purely in tort contemplated by that statute. This proposition we deem too clear for argument. See *Aaron* v. *Podesta,* 60 Miss. 82. The instruction was also clearly wrong. Cases on appeal from the justice's court are tried anew on the merits in the circuit court, not on the record. *Brown* v. *Ashford,* 56 Miss. 677. The case of *Marx* v. *Trussell,* 50 Miss. 489, is not applicable.

*Somerville & McClurg,* for the appellee.

1. This case was decided in the court below before the publication of the case of *Aaron* v. *Podesta,* 60 Miss. 82. Nevertheless we submit that, as " a rule of evidence," the sworn account stood *prima facie* proved, and that upon that evidence the plaintiff (appellee) was entitled to judgment ; that, being a court of original jurisdiction in such matters, pleas of confession and avoidance and all other pleas may be and ought to be heard and determined in such courts ; and that, while all the pleadings are *ore tenus, when the judgment recites on its face that it is by default,* every presumption that the defendant entered any plea or defense to the action is not only absolutely precluded, but it is conclusive, on the other hand, that the defendant admitted " both the fact and the law arising thereon "—that the stock was killed by the negligence of defendant ; and this being the admitted fact, the law is, defendant is liable to pay for the injury done.

2. We hold, then, that a magistrate's court, being competent to try this issue and to hear and dispose of all pleas, whether of " not guilty," confession and avoidance, or others, and the defendant being required by law to appear and contest plaintiff's (appellee's) demand, and his failure so to do being in law an admission of both

fact and law relied upon by plaintiff, it was exactly right for the judgment by default to be rendered, and the defendant cannot then appeal and attempt to deny in the circuit court what he has admitted in the justice's court, nor there retrieve advantages, rights, or privileges lost in the justice's court.

*George, Hemingway & Shotwell,* on the same side.

We call upon the court for a construction of § 1627 of the Code of 1880, as to whether the same will apply to an account by one party against another where the several items charged and sued upon arise *ex delicto.* What is an open account? " It is a statement of two merchants or others who have dealt together, showing the debits and credits between them." Bouv. Law Dict. 48. Suppose, then, a merchant should sue upon an open account in only one of the items charged was one arising *ex delicto* and the account was sworn to, could he obtain judgment thereon under § 1627? We recognize the principle that a defendant could not under the above section include in an open account presented as a set-off any items arising *ex delicto*, because of the rule of law that unliquidated damages cannot be pleaded in offset. Whether, then, a plaintiff suing in pursuance of § 1627 could include any such items is the question in this case. If the account of the plaintiff in this case was one which could be sworn to and have the effect as contemplated under § 1627 of the Code of 1880, then there can be no doubt that the ruling of the circuit judge was correct ; because, when the case was called for trial the defendant did not offer to introduce an affidavit controverting the various items of the account, *nor did he offer to go to trial,* but simply asked that he be allowed to introduce evidence showing that the items charged arose *ex delicto.* In *Aaron* v. *Podesta,* 60 Miss., the bill of exceptions recited that the defendant asked *to go to trial* upon the whole case, not having filed the counter-affidavit. But in this case the defendant wished to do the very thing which § 1627 contemplated he should not do without this counter-affidavit, to wit, attack each item *seriatim.*

COOPER, J., delivered the opinion of the court.

The failure of the defendant to interpose its defense in the magis-

trate's court did not preclude it from defending in the circuit court on appeal. *Callahan & Co.* v. *Newell, ante* 437.

Section 1627 of the Code of 1880, which authorizes the plaintiff who sues upon an open account to make oath to the correctness of the account, and gives to such sworn account the character of evidence, is not applicable except in cases where the cause of action arose *ex contractu. Miss. Central Railroad Co.* v. *Fort,* 44 Miss. 423.

*Reversed.*