KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY v. A. C. CANTRELL.

1. VERDICT. *Supported by evidence.*   *When not set aside.*

  If a verdict is supported by evidence, and the court cannot say the jury was unwarranted in reaching a conclusion, it will not be disturbed, although a finding for the opposite party would have been more satisfactory to the court.

2. PRACTICE.   *Usee in action ex delicto.*   *Irregularity.*

  An action of damages against a railroad company for killing animals on its track, being *ex delicto*, should not be brought in the name of one for the use of another.   And in an action so brought a recovery against the defendant will not be disturbed for want of proof that the usee had an interest in the suit.   His connection with the case will be disregarded in passing upon the correctness of the verdict.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

Action of damages against appellant, by A. C. Cantrell, for the use of D. E. Cantrell, for the value of a mare alleged to have been killed on defendant's track, by the negligence of its employes.

Defendant prevailed, but, on appeal, the judgment was reversed and the cause remanded for a new trial.   See *Cantrell v. Railroad Co.*, 69 Miss., 435.   On another trial, plaintiff recovered judgment.   The case originated in the justice court, and, consequently, there were no pleadings in writing.   The bill of particulars, or statement of account on file, was made

out in the name of A. C. Cantrell alone, but the style of the case on the docket was "A. C. Cantrell, use of D. E. Cantrell," against the defendant. The judgment was, "that plaintiff have and recover of the defendant," etc. The testimony showed that the animal killed was the property of A. C. Cantrell. There was nothing in the evidence to show that D. E. Cantrell had any interest in the subject-matter, or any connection with the suit. There was no proof that the claim had been assigned to him.

The evidence was conflicting as to the alleged negligence of the defendant.

The defendant asked the court to give a peremptory instruction in its favor, because there was no evidence showing that D. E. Cantrel had any interest in the suit, which instruction was refused. It was also one of the grounds assigned in a motion for a new trial, that D. E. Cantrell had no interest.

Motion for new trial overruled. Defendant appeals. The opinion contains a further statement of the case.

*J. W. Buchanan,* for appellant.

There is nothing to show that D. E. Cantrell had any interest in the subject-matter of this suit. In *Beck* v. *Rosser,* 68 Miss., 72, it was held that D. E. Rosser could not bring suit for the use of John Rosser against the defendant, for the reason that the account on which the suit was based had been assigned in writing to John Rosser.

Under § 1516, code 1880, it is clear that D. E. Cantrell was the owner of the claim; A. C. Cantrell was only the nominal plaintiff. If the claim, as shown by the proof, belonged to A. C. Cantrell, then we insist that the suit cannot be maintained in his name for the use of D. E. Cantrell.

However technical this may be, and no matter how trivial in the view of common sense, it is, nevertheless, the law, and we insist upon it. The court should have either instructed for the defendant or should have set aside the verdict.

(Counsel also discussed the evidence, but, in view of the opinion, it is not necessary to give this part of the argument.)

*Clifton & Eckford*, for appellee.

The only question presented is purely technical. Even if the assignment had been in writing, the suit was properly in the name of A. C. Cantrell. Trespass can be maintained by him who had title at the time of injury. 13 Smed. & M., 591; 26 Miss., 335; 67 *Ib.*, 497.

The bill of particulars is in the name of A. C. Cantrell alone. How the name of D. E. Cantrell got into the record as usee does not appear, and it is doubtful if he is a party even as usee. 28 Miss., 246.

The assignment was not in writing, and the suit could be maintained with or without the addition of the name of the usee. *Lee* v. *Gardiner*, 26 Miss., 521; *Pearce* v. *Twichell*, 41 *Ib.*, 344.

It was unnecessary for plaintiff to prove assignment. If defendant desired to show that A. C. Cantrell did not have the legal title, it could have been done under the plea of not guilty. *Lake* v. *Hastings*, 24 Miss., 490.

COOPER, J., delivered the opinion of the court.

While the verdict on the facts in evidence in this cause for the defendant would have been more satisfactory to us, we cannot say that the finding in favor of the plaintiff is not supported by the evidence. There is conflict in the testimony in reference to the distance the animal ran in front of the train before it was overtaken and killed, and though we think it probable the train could not have been stopped in time to prevent the injury, even if the evidence of the plaintiff's witnesses is accepted as fixing the distance the animal ran after getting on the road-bed, we cannot say that the jury was not warranted in reaching a different conclusion. Under such circumstances, the trial court rightly refused to give the peremptory instruction asked by the defendant.

The point principally pressed by counsel for appellant is that the verdict should have been for the defendant, for the reason that the action is brought by A. C. Cantrell—the owner of the animal killed—for the use of D. E. Cantrell, and that there is an absence of any evidence tending to show that the usee had or has any interest in the claim sued on. It is settled that actions of this character are, in their nature, *ex delicto*. *Miss. C. R. R. Co.* v. *Fort*, 44 Miss., 423; *R. R. Co.* v. *Andrews*, 61 *Ib.*, 474.

In actions of tort there cannot be a usee, and, if one is named, his rights must be disregarded, and the plaintiff will fail of recovery unless the right of the nominal plaintiff be proved. This rule has been applied by this court in various classes of actions: In trespass (*Brown* v. *Thomas*, 26 Miss., 335; *Lacoste* v. *Pipkin*, 13 Smed. & M., 589); in detinue *Hundley* v. *Buckner*, 6 Smed. & M., 70); and in replevin (*Pearce* v. *Twichell*, 41 Miss., 344; *Meyer* v. *Mosler*, 64 *Ib.*, 610).

*The judgment is affirmed.*