## J. M. EVANS *v.* SOUTHERN RAILWAY CO.

1. CERTIORARI. *Justice of the peace.* *Practice.* *Code* 1892, § 89.

    Under § 89, code 1892, upon certiorari from the judgment of a justice of the peace, the circuit court, finding error in the record, should award a trial *de novo*, unless it be apparent of record what final judgment, as an entirety, the justice's court should have rendered.

2. SAME. *Value of property not appearing.*

    In such case, the justice's record showing a judgment for the plaintiff by default in an action of trespass to property, and not showing the value of the property, upon reversal, a trial *de novo* should have been awarded.

3. SAME. *Process.* *Amendment of return.*

    In such case, the return of the officer upon a summons may be amended in the circuit court after reversal of the justice's judgment.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

J. M. Evans sued the Southern Railway Company before a justice of the peace of Tallahatchie county, claiming damages for the negligent killing of a mule by the cars of said company. The summons was returned "executed," and, on its return day, December 24, 1895, a judgment by default, without proof of value, was rendered by the justice of the peace in plaintiff's favor for the full sum demanded in the suit. The defendant

petitioned for and obtained a writ of certiorari, and brought the proceedings for review into the circuit court. When the case came to hearing in the circuit court, the plaintiff moved for leave to have the officer who served the summons amend his return so as to show a proper and a personal service. This motion was twice made—first, when the case was reached upon the docket and before any judgment was announced by the circuit court, and again after the circuit court had found error in the justice record. It was overruled as often as made. The circuit court having adjudged the justice proceedings erroneous, the plaintiff demanded a trial *de novo*, but this was denied, and a final judgment was rendered for the defendant. Plaintiff appealed.

*Eskridge & Dinkins*, for appellant.

Under § 89, code 1892, plaintiff was entitled to a hearing on the merits of his case. The return of "executed" on the writ issued by the justice of the peace, made by the constable, certainly did not authorize a judgment by default against the defendant at the return term, and the trial judge was warranted in reversing the judgment rendered by the justice court. But, instead of stopping at a reversal, he should have ordered or granted, on the application of the plaintiff, a trial *de novo*. This, we think, is the course contemplated and directed by the statute. Certainly the statute did not mean that, under this writ, the circuit court was confined to an affirmance or simple reversal of a judgment rendered by a justice of the peace, and, in this summary mode, fritter away the rights of litigants on errors and blunders committed by justice courts, which are notorious for their ignorance not only of the law, but as to the proper mode of executing and returning legal process.

In the case at bar it is shown by the record that the plaintiff had at least a *prima facie* case on the merits against the defendant, but, on account of the ignorance of both the con-

stable and justice, an improper and reversible judgment was rendered by default against the defendant. Was it not arrant wrong and injustice to deny a hearing on the merits in such case in the court below? We think we are sustained in the above views by the language of the statute. It is as follows: "Or may then try the case anew on its merits, or may, in proper cases, enter judgment on the certiorari or appeal bond, and shall, when justice requires it, award restitution." Under this language we think the reversal of the judgment of the justice by the circuit court was proper, but that it then became the duty of the court to order or to allow the cause to be tried on its merits, and refusing to do so was error, which entitles the appellant to a reversal of the judgment by this court.

We apprehend that the proper construction of the language of the statute when it says "and may, in proper cases, enter judgment on the certiorari or appeal bond," only means that when the record discloses such a case as can be disposed of by the court on the merits, it will render a judgment without awarding a trial *de novo*. We see no necessity to refer to authority beyond the section, 89 of the code of 1892, to which we specially call the attention of the court.

*Coleman & Somerville*, on same side.

Under § 89, code 1892, three courses may be pursued. (1) The judgment of the justice court may be simply affirmed, in which event " the same judgment shall be given as on appeals; " (2) the judgment of the justice court may be reversed, and the " circuit court shall enter up such judgment as the justice ought to have entered, if the same be apparent; " or (3) the circuit court may, upon reversal, "then try the cause anew on its merits."

It is conceded in this cause that the judgment of the justice should have been reversed, as it appears from said judgment that there was no legal ascertainment of the value of the animal killed, upon which to predicate the judgment final. Then, was

it apparent what judgment the justice should have rendered?
We think so.    There should have been a judgment by default,
and an ascertainment by legal evidence of the value of the ani-
mal killed; and the judgment of the circuit court should have
been a judgment by default against defendant, and the award-
ing of a writ of inquiry.

The court below was led into error by a too literal construc-
tion of that portion of § 89, code 1892, which reads: "And in
any cause so removed by certiorari, the court shall be confined
to the examination of questions of law arising or appearing on
the face of the record and proceedings." Certainly this para-
graph means that in determining whether or not the writ shall
be maintained or dismissed, whether or not the judgment shall
be affirmed or reversed, "the court shall be confined," etc.;
for otherwise, the further provision, "or may then try the
cause anew on its merits," would be meaningless, as no cause
could be tried "anew on its merits" if in that trial the court
were "confined to the examination of questions of law arising
or appearing on the face of the record and proceedings." In
no other way can § 89 be construed, whether by the logic of
common sense or by the formulated canons of construction.

In the case at bar we urge that the circuit court should have
rendered judgment by default against appellee, and should
have awarded writ of inquiry, and we ask for a reversal, with
direction to the court below to enter such judgment.

*Yerger & Percy*, for appellee.

This cause must turn upon the construction of § 89 of the an-
notated code.    In cases where the judgment of the lower court
is reversed, and it is not apparent what judgment the justice
ought to have rendered, "may the court then try the cause
anew on its merits," or must it do so? We see no reason for
distorting the plain verbiage of the section by the latter con-
struction. *Ita lex scripta est*, and no imperative reason requires
it to be otherwise construed.

WHITFIELD, J., delivered the opinion of the court.

The court below, upon reversing the judgment, should then have proceeded to " try the cause anew on its merits," allowing the amendments asked.    We do not think it would have been proper to render a judgment by default in the circuit court, cutting the defendant off from contesting liability.    Negligence was the gist of the action.    *Railroad Co.* v. *Fort*, 44 Miss., 423.    The statute (code 1892, § 89) means that if the circuit court could see, from the record and proceedings alone, what final judgment, as an entirety, the justice should have rendered, that judgment shall be entered up by the circuit court; but there was nothing in the record or proceedings alone from which the circuit court could see what final judgment should have been rendered by the justice of the peace.    When, on reversal, it is apparent what final judgment the justice should have entered, from the record and the proceedings alone, the circuit court should enter that judgment; such judgment not being interlocutory merely, but disposing of the case.    But that was not the case here.    There had been no proof of value, and if there is to be any judgment rendered at all by the circuit court upon reversal, other than such as could be rendered on an inspection of the record and proceedings, then there must be a trial "anew on the merits"—on the whole merits—liability and value in this case.    The court below should proceed with the trial.    See, also, 4 Enc. Pl. & Prac., 298, 299, 303, 305; *Perry* v. *Rohde*, 20 Tex., 729.

*Reversed and remanded.*