WILLIAM WATERS v. MOBILE & OHIO RAILROAD CO.

1. COMMON CARRIER.  *Damage to freight.  Shipper.  Owners.  Justice's juris-diction.*

> Where a person ships freight, part of which belongs to him and parts to others, and the same is damaged by the negligence of the carrier, he may sue in tort in a justice's court for the injury to his own property, if the same does not exceed two hundred dollars, and that, too, though the entire shipment was made under one contract with him alone, and the damages to all the property exceed said sum; and, in such case, the fact that the plaintiff has brought separate suits, as agent for the other owners for their damages, will not defeat his individual case.

2. TORT.  *Contract.  Waiver.  Parties.*

> The owner of property damaged by a common carrier is a proper plaintiff in an action sounding in tort for the injury, even where the shipment was by and in the name of another.  The contract may be waived and suit brought in tort for the gross or wilful negligence.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

The facts are stated in the opinion.

*Gilleylen & Leftwich,* for appellant.

The action at bar, as well as those brought by Kahl and Smithpot, were intended as actions of tort, and not of contract. Appellant and the other owners of the stock on appellee's car had the right to sue appellee in tort as a common carrier.  The fact that a contract existed whereby appellee attempted to limit its liabilities and which could be introduced by appellee as defensive evidence, as it did introduce it, did not hinder appellant from suing originally in tort.  Appellant could have waived the tort and sued on the contract, but he did not care to do so, nor did the other owners of stock on the car.  The existence of the

contract in the record does not hinder appellant from suing in tort if he chooses. *Clark* v. *St. L., K. C. & N. R. R. Co.*, 64 Mo., 440 (17 Am. Ry. Rep., 284); *Heil* v. *St. L., I. M. & S. R. R. Co.*, 16 Mo., 363; *Boos* v. *Central Railroad Co.*, 87 Ga., 463 (13 S. E. Rep., 711); *Nicoll* v. *E. T., V. & G. R. R. Co.*, 89 Ga., 260; 1 Rap. & Mack's Dig. of R. Law, sec. 135, p. 802.

The ruling of the lower court is tantamount to saying that appellant should not sue at all for injury to his stock unless he sues on the contract in evidence, which, in so far as appellee attempts to relieve itself from its own negligence, is not binding on appellant. *Express Co.* v. *Seide*, 67 Miss., 609; *Railroad Co.* v. *Abels*, 60 Miss., 1017; *Express Co.* v. *Moon*, 39 Miss., 822; 19 Cent. L. J., 163.

Appellant could not have brought a single action in this case if he had wished, because he could not have said in his declaration that he was owner of all the stock and goods, as he must have done. He could not have said that he was bailee and shipper of all the stock and goods, as he might have done had they all belonged to some one else. He could not have made two inconsistent counts in his declaration—one for the stock he owned, and another for the stock and goods he was bailee for. 1 Enc. Pl. & Pr., 190, 166, 159. The plaintiff must sue in the same right when separate causes of action arise out of the same tortious act. 1 Chitty on Pl., 199, 203.

When stock belonging to different persons is shipped under one contract and each individual brings a separate action, they cannot be afterwards consolidated. *Boughman* v. *Railroad* (Ky.), 21 S. W. Rep., 757; *Railroad* v. *Hall*, 2 Ill. App., 618; *Railroad* v. *Case*, 42 Am. & Eng. R. R. Cas., 537; 122 Ind., 310; 32 N. E. Rep., 797; 1 Rap. & Mack's Ry. Dig., 802, 803, 136, 137.

This court has decided that, in actions of this kind, the owner is the proper person to sue, and the owner alone. *Railroad* v. *Cantrell*, 70 Miss., 329. The contract or bill of lading

is properly a receipt, and can be varied, explained and contra-
dicted by parol proof.    2 Am. & Eng. Enc. L., 224.    Such
portions of these papers that have the elements of a contract, if
there be any such, constitute an attempt to contract against
negligence, and are void as being against public policy.    *Rail-
road* v. *Abels*, 60 Miss., 101.

*Sykes & Bristow*, for appellee.

The court will perceive from the bill of lading in the record,
that the plaintiff, Waters, entered into a regular "live stock
contract" with the defendant railroad company, to which con-
tract the plaintiff signs himself "owner and shipper" of the
contents of the car, the "emigrant car" chartered by him, and
had the car and its contents consigned to him at Aberdeen.    In
short, Waters was, with reference to this contract and this de-
fendant, owner, shipper and consignee; he was the only person
to whom, under this contract, the railroad company owed any
kind of duty or diligence; the company was bound to transport
and deliver the car and its contents to Waters, and no one else.
Will the court, under this contract, permit several parties, with
whom the defendant did not contract, and to whom it owed no
duty or diligence, and to whom it was not bound to deliver the
car and its contents at all, to come in and split up the contract,
and bring several suits in the justice's court for damages growing
out of the contract, amounting to more than two hundred dollars?

It is not contended that there has been any transfer or assign-
ment, since the occurrence, of any right of action by Waters to
Smithpot or Kahl, or by them to Waters.    The contract, with
all legal rights thereunder, remains just as it was when it was
made.    It will not avail plaintiff to claim that his suit is in tort
and not on the contract.    The whole suit shows the contrary.
There is no hint at any wanton or wilful wrong, and, under the
contract in this case, the duty of appellee was narrowed.    The
statutes of this state, as often decided by this court, hold that
it is not lawful to split up one single contract into several suits,

where the adjudication requires an investigation of the same state of facts in every suit, and that such a separation of the cause of action in several suits by the act of the plaintiff will not be tolerated. *Pittman* v. *Chrisman,* 59 Miss., 124.

STOCKDALE, J., delivered the opinion of the court.

On February 11, 1896, William Waters chartered an emigrant car at Shipman, Ill., to be run by the Chicago & Alton Railroad to East St. Louis, and from there to Aberdeen, Miss., over the Mobile & Ohio Railroad, paying for the through trip in advance. The car was loaded with two horses and one colt belonging to Wm. Waters, and two mules belonging to F. R. Kahl, and three horses belonging to Gus Smithpot, and household and kitchen furniture belonging to all of them. William Waters signed a regular live stock shipping contract with the Chicago & Alton Railroad at Shipman, Ill., and at East St. Louis he signed another such contract with the Mobile & Ohio Railroad, covering the trip of said car from East St. Louis to Aberdeen, Miss., in which contract he appears as shipper, owner and consignee, which he swears he did not know he would be required to sign until he was ready to start, but had to sign or not go. On the car with the stock and goods came the owners. On their arrival at Aberdeen, a day late, the car was side-tracked, and Waters and the other owners took their stock and goods out in, as they claimed, a damaged condition, and so informed the railroad agent at Aberdeen at the time. Failing to effect an amicable settlement, suits were brought before a justice of the peace, in Aberdeen, against the Mobile & Ohio Railroad Company, as follows:

William Waters sued for damage to his two horses and one colt, demanding damages to the amount of $130.

William Waters, agent for Gus Smithpot, sued for damage to Smithpot's three horses and a stove, demanding $50.

William Waters, agent for F. R. Kahl, sued for damage to the two mules of Kahl, demanding $90.

Judgment was rendered in each case for the amount of the demand, and the defendant, Mobile & Ohio Railroad Company, took an appeal in each case to the circuit court of Monroe County.

At the September term, 1896, of said court, the case of *William Waters* v. *Mobile & Ohio Railroad Company* was called for trial and the parties proceeded with the trial and introduced a large volume of testimony before the jury, including the appeal papers in the other two cases. And then, after the testimony was all in, defendant moved the court to dismiss the cause " for want of jurisdiction in the justice of the peace court, because plaintiff had split up his cause of action " into three suits. The court sustained the motion, dismissed the cause, and taxed plaintiff with all the costs, and plaintiff appealed. The contention of appellee is, that each of the three suits being predicated on the alleged negligence of the railroad company, in handling the same car of stock and furniture while in transit from East St. Louis to Aberdeen, Miss., furnished but one and indivisible cause of action, and that plaintiff had split that up into three suits, each for an amount within the justice of the peace jurisdiction, but the aggregate of said amounts exceeded the amount over which the justice of the peace had jurisdiction, to wit, $270; that appellee contracted with Williams Waters, who signed the contract as shipper, owner, and consignee, and defendant knew no one but him, and was and is responsible to no one else, no matter what previous arrangement he might have with others; that Waters cannot abandon his written contract and sue on an implied contract, and even allow others to sue on an implied contract. In short, that the written contract between the railroad company and Waters must control, in every respect, in this case, citing authorities, which we have examined.

The contention of appellant is that he does not sue on the contract, but in tort, for injuries done to his stock by the negligence, mismanagement, and wilful wrong of appellee's servants, while the stock was in its possession as common carrier.

It is settled in this state that in this class of cases plaintiff may waive the contract and sue in tort (as was done in this case, the defendant introducing the contract in defense). *Heirn* v. *McCaughan*, 32 Miss., 17; *Railroad* v. *Hurst*, 36 Miss., 660, and many decisions since then made. It is claimed by appellee that there is no intimation of gross or wilful negligence in the case. The suit was commenced without pleadings in the justice of the peace court, however, and charges of gross negligence did not appear, except in the testimony introduced on the trial, from which, if true, the jury would be justified in believing there was wilful negligence. There must have been great negligence somewhere, as some of the animals were partly flayed upon arrival in Aberdeen, and two died almost immediately. It is maintained by appellee that Wm. Waters chartered the car from Shipman, Ill., to Aberdeen, Miss., and loaded it himself. That being true, the stock of Kahl and Smithpot were rightfully on the train, in the custody of appellant, and, being injured in transit, the carrier is liable to some person or persons. The owner is the proper party to sue in a case arising *ex delicto.* 70 Miss., 329; *Lacoste et al.* v. *Ann E. Pipkin*, 13 Smed. & M., 589. In the latter case, it is said by the court: "The absolute or general owner (of personal property) having the right of immediate possession, may, in general, support an action for an injury thereto, though, at the time when the injury was committed, the goods were in the actual possession of a servant or other bailee."

There is no dispute by either party that Waters and Kahl and Smithpot were each the actual and absolute owner of a part of that stock, and were entitled to the immediate possession of their respective property, and, as the testimony shows, took possession on their arrival at Aberdeen, and were in actual possession when suit was brought, and, therefore, had the right to sue.

There is no dispute and no question that Wm. Waters could sue for injuries to his own property. He was owner, shipper

and consignee, and his demand was within the jurisdiction of the justice of the peace, and had he not sued as agent for Smithpot and Kahl, the motion to dismiss would not have been made. The only question remaining, then, is, did he lose his own right to sue by suing as agent for the others? It is insisted by counsel for appellant that appellant could not have brought a single action, for he could not have asserted in his complaint that he was owner of all the stock, for he was not. He could not have sued as bailee for all, for he was owner of part, and he could not join a count as owner of part and as bailee of part; and, in fact, he was no longer bailee at all, for the owners had possession, and he was not at all injured by the damage to the stock of the other owners, nor interested in recovery for it. *Baughman* v. *Railroad*, cited below.

Had he brought such suit, he would have been met with the defense that only the owners were damaged and had the only right to sue, and the defendant wanted to interpose different defenses to the suits of different plaintiffs. *Hall* v. *Fisher*, 20 Barbour (N. Y. Sup. Ct. Rep.), 441.

In *Baughman* v. *Louisville, etc., Railroad Co.*, 94 Ky., 150, the facts are nearly identical with those in this case. One Weatherford shipped, in the same car, a number of horses from Louisville, Ky., to St. Louis, Mo., and signed a live stock contract with the railroad company as owner and shipper. None of the horses belonged to him, but belonged to four different firms, each firm being the absolute owner of some of them. They were injured in transit by a collision, and each firm brought a separate suit for damages to his own stock, and the defendant moved to consolidate the cases, and the motion was denied. It is suggested that the Kentucky statute figured in this decision, and, in that case, the court does cite in its opinion § 18 of the civil code of Kentucky, as follows: "Every action must be prosecuted in the name of the real party in interest," which is the same as the law is declared to be in this state, in 70 Miss., 329, above cited. The court also quotes § 22 of the Kentucky

code, as follows: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs"—the same principle that counsel for appellee invokes here.

The court held, however, on a motion to consolidate the four suits, that the shipper, Weatherford, could not sue, for he was the mere agent of each of the firms to which the animals respectively belonged, nor could either one of the four firms have sued for damages to the others. The court held, also, that the four firms could not have sued together in one action, nor were they compelled to bring their actions at the same time, nor in the same court, and they could not be compelled to consolidate.

The tort for which plaintiff sues in this case was the injury to his own stock. He had no interest in the stock of the other men after they took possession, and each had the right to sue for damage to his stock, or not sue, as he might determine for himself. That conclusion reached, the question as to whether the other suits were properly brought by Waters, as agent, or can be maintained, is not before this court. As to this appellant, we can see no just grounds upon which he can be deprived of a trial of his own cause.

*The judgment of the court below is reversed, and the cause remanded.*