CONSTANTINE C. FAST *v.* CANTON, ABERDEEN & NASHVILLE RAILROAD CO.

COMMON CARRIERS. *Damage to freight. Ownership. Bill of lading.*

    The real owner of goods damaged in transit may recover in tort for the wrong, although he be not named in the bill of lading as either consignor or consignee. The bill of lading is not conclusive of ownership.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Fast, the appellant, was the plaintiff in the court below; the railroad company, the appellee, was defendant there. The facts are sufficiently stated in the opinion of the court.

*George C. Paine,* for appellant.

The court erred in granting the peremptory charge. Even conceding that the evidence showed that the appellant was neither the consignee nor the consignor of the live stock, yet the charge should have been denied, because the suit is in tort and not *ex' contractu. Walters* v. *Mobile, etc., R. R. Co.,* 74 Miss., 539; 1 Rapalje & Mack's Digest Railroad Law, p. 624, secs. 56, 57 and 59. The testimony shows appellant was the owner of all the animals; he had the right to use the stock and sell them in transit.

*Mayes & Harris* for appellee.[2]

A judgment of this court in favor of the plaintiff for recovery by him would not protect the company against a suit by the consignor and consignee, who are not parties to the proceeding.

The facts, as stated by the plaintiff, were that he went to St. Louis to purchase mules and horses; that he did not have the money to pay for them, and the Western Sale & Feed Stable Co. told him it was all right, he could take the mules and horses and sell them and then pay the company for them; but the company took the precaution to retain title to the property throughout, by taking a bill of lading, in which the company named itself as consignor and consignee, thus retaining the title to the property throughout.

For these reasons, we think the plaintiff should have failed in the suit, because he has failed to show title, and that lies at the very foundation of his cause of action.

WHITFIELD, J., delivered the opinion of the court.

It was error to grant the peremptory instruction. The fact that the consignor and consignee named in the bill of lading was the Western Sale & Feed Stable Co. was not conclusive as to ownership; that is explained by the testimony of appellant. He testifies positively that the live stock belonged to him, and the bill of lading was written up as it was to secure the Western Sale & Feed Stable Co. for a small balance on some of the stock bought from them, but that he had full authority to sell the live stock. This is not an action on the contract, but an action of tort for damages, in which the real owner must sue. *Waters* v. *Mobile, etc., R. R. Co.*, 74 Miss., 534; *Kansas City, etc., R. R. Co.* v. *Cantrell*, 70 Miss., 329. The case of *Teams* v. *Illinois, etc., R. R. Co.* is wholly unlike this on the testimony as to injury.

*Reversed and remanded.*