JOHN ROBERTSON *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 478.]

BAIL.   *Forfeiture of bond.   Surety.   Judgment.   Scire facias.   Code* 1892, §§ 1396, 3417.

> A judgment is erroneous if it be rendered at the return term of the writ against a surety on a forfeited bail bond, without other notice than the service on him of a *scire facias* after the beginning of the term of the court to which it is returnable.   Code 1892, § 1396.  *Ib.*, sec. 3417.

FROM the circuit court of, second district, Carroll county. HON. WILLIAM F. STEVENS, Judge.

The state, the appellee, began proceedings in the court below against Robertson, the appellant, who was a surety on a forfeited bail bond. From a judgment in favor of the state the surety appealed to the supreme court. The opinion of the court contains a sufficient statement of the case.

*McClurg, Gardner & Whittington,* for appellant.

*J. N. Flowers,* assistant attorney-general, for appellee.

[The briefs of counsel in this case were withdrawn or lost from the record before it reached the reporter.]

TRULY, J., delivered the opinion of the court.

The record shows that judgment *nisi* was entered against the principal and sureties in the forfeited recognizance on the 21st day of April, 1903; that *scire facias* was in due time isued thereon, returnable on October 19, 1903, the first day of the next term of the circuit court; that the same was served personally on the sureties, the principal not being found, and, according to the sheriff's return indorsed thereon, was executed on October 20, 1903, the second day of the court and the day after the return-day stated in the writ. Subsequently, on the 22d of October, 1903, judgment final was rendered against the sureties. The granting of the judgment final was manifestly erroneous, the process not having been served in time for the cause to be heard during that term. Code 1892, § § 1396, 3417.

*The case is reversed, the judgment final vacated, and the writ dismissed.*