MISSISSIPPI CENTRAL RAILROAD COMPANY v. BENJAMIN H. CRAWFORD.

[51 South. 466.]

JUDGMENT. *Action of tort. Writ of inquiry.*

A default judgment in an action of tort against a railroad company for killing a horse, is erroneous where rendered without the award of a writ of inquiry to assess the damages sustained.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Crawford, appellee, was plaintiff in the court below, and the railroad company, appellant, was defendant there. From a judgment in favor of plaintiff, the defendant appealed to the supreme court.

The plaintiff sued the defendant railroad company before a justice of the peace for $165, the alleged value of his horse killed by the defendant railroad company. His claim, although based on tort, was verified by the affidavit of plaintiff affixed thereto. Judgment for $165 having been rendered by the justice of the peace in favor of plaintiff, the railroad company appealed to the circuit court. The railroad company failed to appear or make defense when the case was called for trial in the circuit court, and, at the instance of plaintiff, a judgment in his favor against the railroad company and the sureties on its appeal bond was rendered for the sum of $165, with interest and costs, without writ of inquiry, as required by Code 1906, § 811.

*Jeff Truly,* for appellant.

It was manifest error for the court below to render judgment by default for the amount sued for, without awarding any writ of inquiry to assess the value of the property claimed to

have been destroyed by the negligence of the railroad company. In a similar case this court said: "We do not think it would have been proper to render a judgment by default in the circuit court, cutting the defendant off from contesting liability. Negligence was the gist of the action." *Evans v. Southern Ry Co.,* 74 Miss. 234; *Mississippi, etc., R. Co. v. Fort,* 44 Miss. 423: *Beasley v. New Orleans, etc., R. Co.,* 91 Miss. 268.

*M. McCullough,* for appellee.

Appellant's default in making defense is conclusive against it, insofar as it affects the question of negligence. As to the value of the horse killed, it will be noted that the statement of account sued on is properly sworn to by the appellee. This verified statement of account, taken with all of the appeal record of the proceedings before the justice of the peace, and the legal presumption in appellee's favor where live stock is destroyed by a common carrier, certainly authorized a judgment for appellee in the circuit court without the formality of a writ of inquiry.

The only case cited by appellant that bears materially on the question here presented is that of *Mississippi, etc., R. Co. v. Fort,* 44 Miss. 423. But that case was not a case appealed from the decision of a justice of the peace, and furthermore, the account sued on was not sworn to. The *Evans case* and the *Beasley case* cited by learned counsel for appellants have no application to the issue presented in this case. The account sued on in this present case being properly sworn to, entitles appellee to judgment. Code 1906, § 1978.

MAYES, J., delivered the opinion of the court.

It was error to render judgment in this case without a writ of inquiry. See *Mississippi, etc., R. Co. v. Fort,* 44 Miss. 423.

*Reversed.*