Gulf & Ship Island R. Co. *v.* Wells Lumber Co.

[72 South. 194.]

1. Account. *Action on. Form of action. Statute. Negligence. Recovery. Proof. Tort or contract. Waiver of tort.*

Code 1906, section 1978, providing that one suing upon an open account may make affidavit to its correctness and that it is due, and shall thereupon be entitled to judgment unless defendant make affidavit that the account is not correct, in which case the

plaintiff's affidavit shall entitle him to judgment only for such part of the account as is not denied, etc., has no application to actions *ex delicto* based upon defendant's negligence.

2. SAME.

In such case plaintiff could not recover without proving damage by the negligent act of the defendant and also proving the amount that he has suffered.

3. SAME.

While technical forms of pleading are no longer regarded by our courts, the essential difference between actions *ex contractu* and actions *ex delicto* cannot be disregarded.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit by the Wells Lumber Company against the Gulf & Ship Island Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and appellant was defendant. From a peremptory instruction to find for plaintiff, defendant appeals. Reversed.

Section 1978 of the Code of 1906, referred to in the opinion, is as follows:

"A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon, such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; but this shall not apply to accounts against decedents and suits against executors or administrators. A defendant desiring to use an open account as a set-off shall be entitled to the benefit of this section."

*B. E. Eaton*, for appellant.

*W. A. Shipman*, for appellee.

Stevens, J., delivered the opinion of the court.

Wells Lumber Company, appellee herein, sued the appellant in a justice court for labor performed and materials furnished "in rebuilding two bridges and repairs to transfers torn down and demolished by the switch engine of defendant on two different occasions, to wit, October 30, 1913, and November 6, 7, 1913, the aggregate value whereof is laid at the sum of one hundred and twenty-seven dollars and ninety-six cents." The account was itemized and sworn to. On trial of the appeal in the circuit court the plaintiff offered in evidence, over the objection of the defendant, the sworn itemized account, under authority claimed by section 1978 of the present Code. There was a counter affidavit denying liability on the entire account and each item thereof. The plaintiff introduced its general manager, who testified that the account as sued on and offered in evidence was correct; that the labor and materials furnished were for the repair or replacing of two bridges on the private side tracks entering the yards of the lumber plant of the plaintiff company; that the work of replacing the bridges was done under the supervision of the carpenter foreman of the Wells Lumber Company, who kept memoranda of the material furnished, and from these original memoranda entries were made upon the books of the company; that the account was made up by transcript from the books of the company under the supervision of the witness, and was transcribed either by the stenographer, bookkeeper, or typist. Pressed on cross-examination, witness stated that he saw one of the bridges bumped into by the switch engine of the defendant railroad company, and that, in a general way, he saw the work of replacing the bridges by the carpenter foreman and employees of the company. He admitted that he did not see the other bridge demolished, and that he himself had no personal knowledge of the exact amount of labor done or materials furnished in the construction of either bridge. There was no evidence of the

exact value of either bridge destroyed or the exact damage done to either bridge by the negligent act of the railroad company. The general manager was the only witness introduced on behalf of plaintiff; and at the conclusion of his testimony the defendant moved the court to exclude the plaintiff's evidence and to grant it a peremptory instruction. This motion was by the court overruled, and thereupon the plaintiff—the defendant declining to introduce any evidence at all—asked for and had the court grant to it a peremptory charge to find for the plaintiff for the full amount sued for. From the judgment entered in pursuance of this ruling of the trial court, the defendant prosecutes this appeal, contending that the action in this case is one in tort and not in contract, and that the plaintiff failed to prove its case.

It is contended that in the first place the liability sued for is not such liability as can be stated in an open verified account in accordance with section 1978 of the Code, and that the introduction of the open account itself as evidence constituted error. It is further contended on the part of appellant that, regardless of the form of the pleadings, the action is one sounding in tort, and the plaintiff was under necessity not only to show damage by the negligent act of the defendant but also to prove the exact extent of that damage.

It is contended for appellee that plaintiff could waive the tort and sue on an implied contract for the value of the labor and materials furnished. It is the duty of the court to look at the substance, and not the form, of the writing constituting the basis of plaintiff's cause of action, and determine from all that appears on the face of the document whether it states a cause of action. The writing in the present case reflects the nature of the demand, and sufficiently places the defendant upon notice of the nature and extent of the claim sued on. The document seems to be both an open account for labor and materials furnished, and also a statement that the labor and materials were required in rebuilding bridges "torn down by

your switch engine, and for making repairs for transfers, ways, and platforms damaged at same time." It reflects upon its face that the cause of action is based upon the alleged negligent acts of the railroad company. By the counter affidavit defendant denied all liability. Section 1978 of the Code refers to actions *ex contractu;* and the provisions of the statute would not entitle the plaintiff, suing in tort, to a judgment in his favor without proof. While technical forms of pleading are no longer regarded by our courts, the essential difference between actions *ex contractu* and actions *ex delicto* cannot be disregarded. If the plaintiff in this case can waive the tort and sue on an open verified account, then any plaintiff whose live stock has been killed or damaged by common carriers, or who has suffered any other damage through the negligence of railroad companies or other defendants, could in all cases make out his itemized account in accordance with the statute, and thereby justify judgment in his favor without proof of negligence or damage. In all such cases, however, it is elementary that plaintiff, as a condition precedent to his right of recovery, must establish by proof the negligence of the defendants and the consequent damage. The proof in the instant case does not measure up to requirements. The exact amount of the damage done by the switch engine of the defendant in the present case is shown by no witness. The case appears to have been tried upon the theory that plaintiff was entitled to judgment on his open account in the absence of definite, positive proof of the negligence and the exact extent of the damage. This practice was condemned by our court in the case of *Illinois, etc., R. Co.* v. *Andrews,* 61 Miss. 474, as also in *Evans* v. *Railway Co.,* 74 Miss. 230, 21 So. 15, and *Beasley* v. *Railroad Co.,* 91 Miss. 268, 45 So. 864. Under the authority of these and other cases, therefore, we are compelled to reverse the judgment of the court below and remand the cause for a new trial.

*Reversed and remanded.*