JOSEPH BROWN *v.* TIMOTHY R. THOMAS.

Where an action of trespass is brought by T., a constable, &c., for the use of C., against B.; *held*, that T. was not a competent witness for the plaintiff to prove damages.

An action of trespass can only be brought by the party having the right of immediate possession; and, for all legal purposes, the case stood as if T. had sued in his own name alone for the trespass.   13 S. & M. 590; *Hundley* v. *Buckner*, 6 S. & M. 70, cited and confirmed by the court.

The failure to specify a return day in an execution, does not render it void.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

Timothy R. Thomas, late a constable of Monroe county,

brought suit, for the use of A. Campbell, in an action of tres-
pass against Joseph Brown, in the circuit court. W. H. Duke
recovered a judgment in the justices' court of said county,
against E. Adams, for $42; and which execution, without any
return day specified in it, was issued, and placed in the hands
of said Thomas, as constable, and by him levied on seventeen
thousand staves, as the property of Adams. The staves, it is
averred, were removed after they were levied on, by virtue of
the execution; and Thomas, as constable, brought an action
of trespass, for the use of Campbell, to recover damages for
removing the staves.

Judgment was rendered for the plaintiff Thomas, when
Brown prayed and obtained a writ of error to this court.

*Dowd* and *Murphey* for appellant.

The execution, by virtue of which the levy in this case was
made on the property, was made returnable at *no time* and no
place. If an execution be not made returnable, as the statute
directs, it is absolutely void. Hutch. Code, 690; 3 S. & M.
468.

An action of trespass cannot be maintained for the use of
any one; for if the name of an usee is inserted, it is mere sur-
plusage. Thomas, therefore, was the only plaintiff really, and
on his testimony the verdict was found. He clearly was an
incompetent witness in the case. *Hundley* v. *Buckner*, 6 S. &
M. 70; *Mathews* v. *Barker*, 1 Denio, 335.

*Davis* and *Acker*, for appellee, filed no brief in the case.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of trespass brought by Thomas, as con-
stable, for the use of one Campbell, against the plaintiff in
error, to recover damages for a quantity of staves levied on by
Thomas and in his custody, as constable, under an execution,
and alleged to have been taken from him by the plaintiff in
error.

On the trial below, several questions were raised, some
of which only are deemed necessary to be decided by this
court.

Brown *v.* Thomas.

First.   It is objected that Thomas, the plaintiff below, who was permitted to testify as a witness for the plaintiff, was incompetent, because he was the real plaintiff.   This is unquestionably true.   The employment of the name of Campbell, as usee in the action, amounted to nothing in law.   Though he might have been entitled to the avails of the levy, this did not entitle him to maintain the action in his own name.   Such an action is unfounded in law and unprecedented.   Thomas was the person entitled to the possession by reason of the levy, and was authorized to maintain an action for the wrongful taking, if the facts of the case warranted the action.   Watson on Sheriff, 191.   And the action of trespass can only be brought by the party having the right of immediate possession.   13 S. & M. 590.   For all legal purposes, the case stood as if Thomas had sued in his own name alone for the trespass.   *Hundley* v. *Buckner*, 6 S. & M. 70.   And for the same reason that he would have been incompetent as a witness for the plaintiff in an action so brought, was he incompetent as this action stood. As to this, it is immaterial whether the suit could have been brought for the benefit of the usee or not; for, after the levy, Thomas was responsible for the property; and his testimony might go directly to fix a liability on the defendant, and thereby exonerate or indemnify himself for the loss of the property.

Secondly.   The plaintiff below offered in evidence the execution under which the levy was made, which was objected to, because no return day was specified in it; and it is now insisted that the execution was, for that reason, void to all intents and purposes.

The return day of the execution is required to be stated in it, for the certainty and regularity of the proceeding, but mainly for the security of the rights of the party entitled to the fruits of it.   It is not absolutely necessary to its efficacy, in empowering the officer to make the money, that the time for its return should be specified, at least so far as strangers are concerned. No one is interested in the time of the return but the plaintiff. The irregularity here was amendable; and it is clear that the officer could have justified his proceeding under it as it stood,

if he had been sued for trespass in levying it; and these are proper tests as to whether it was absolutely void or not. Watson on Sheriff, 54; 2 Salk. 700; Tidd's Pr. 1027, 1028; 5 Wend. 170.

The essential thing required to be done was that the officer should levy the money; and this he could properly and legally have done, though the execution were never returned. Bing. on Ex. 189. With it, strangers had no concern; and as to the parties, the cause was at an end, and no day in court was necessary. 2 Salk. 700; Bing. on Ex. 189, 190.

We think that the execution was at furthest merely voidable, and, therefore, that it was properly admitted in evidence.

But for the first error above stated, the judgment is reversed, and the case remanded for a new trial.