CHARLES E. DAYTON, IMPLEADED WITH JOHN B. HOOKER, v. HIRAM B. FARGO.

*Right of action for deceit not assignable.*

A right of action either at law or in equity is not assignable if it does not, directly or indirectly, involve a right of property.   .

In Michigan equity will not enforce an assignee's claim of a right to sue for a fraud to his assignor if that is the sole ground of the action.

A right of action in trespass on the case for damages from deceit is not assignable.

A new trial is not granted on reversal where the count of the delaration on which the verdict rests presents no cause of action, even though the plaintiff might have recovered on some other count.

Error to Ingham.    Submitted Nov. 10.    Decided Jan. 5.

CASE and TROVER.    Defendant brings error.    Reversed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*J. C. Shields* and *H. P. Henderson* for defendant in error.

CAMPBELL, J.  Fargo, as assignee of Henry Hart, sued Dayton jointly with one John B. Hooker, under a declaration containing two counts—one in case for obtaining property under false pretenses, and the other in trover for the conversion of the same property.  No process was served upon Hooker and it does not appear from the printed record that there was any return of not found.

The jury found a verdict for Fargo upon the first count and not upon the second.  It is necessary therefore to examine into the nature of the count on which recovery was had, in order to see the bearing of some of the errors assigned.

It sets forth a bargain between Hart and both defendants, whereby Hart was to sell certain lumber to them and take in payment a note of Hooker alone.  It avers that defendants caused Hart to sell the lumber by fraudulently repre-

senting that the note was good and Hooker responsible, and that Hart, confiding in the representations, delivered the lumber and took the note in payment, and that Hooker was worthless and the note valueless. It then avers an assignment of all claim for the price and value of the lumber, and of the cause of action growing out of the transaction, and that by reason of the premises plaintiff has been deprived of the use and value of the property, and that "defendants on the said sale falsely and fraudulently deceived the said Henry Hart, as aforesaid, out of the said lumber," etc.

The only effect which can be given to the count is that it is an action on the case for deceit, to recover damages for the fraudulent representations whereby Hart was induced to part with his property without any valuable consideration.

It is claimed that this cause of action was not assignable.

The general doctrine both at law and in equity has always been that nothing is assignable that does not directly or indirectly involve a right of property. It has been held repeatedly in this state that equity will not enforce the demands of an assignee of a right to sue for fraud, when the cause of action is confined to that. *Carroll v. Potter* Walk. Ch. 355; *Morris v. Morris* 5 Mich. 171; *Brush v. Sweet* 38 Mich. 574; *Dickinson v. Seaver* 44 Mich. 624. In *Final v. Backus* 18 Mich. 218, it was held that under our statute authorizing suits by assignees of rights in action, the general doctrine is that actions for torts are not assignable, and that only such as survive to the personal representatives of the injured party could be sued for by an assignee. That was an action of trover, and it was held properly brought because the statutes had expressly taken it out of the common law rule. This case has been followed and affirmed in other decisions. *Brady v. Whitney* 24 Mich. 154; *Grant v. Smith* 26 Mich. 201.

By section 5828 of the Compiled Laws it is provided that "In addition to the actions which survive by the common law, the following shall also survive, that is to say: actions of replevin and trover, actions for assault and battery, or false imprisonment, or for goods taken and carried away, and

actions for damage done to real or personal estate." Except in cases of assault and battery and false imprisonment (which cannot by any construction be treated as rights touching property), the actions saved had been preserved by English statutes, and had been quite generally recognized as belonging to executors, although not surviving by the old common law. Assignments of such rights have not been held unlawful universally, although there may be some cases so holding.

We have found no support for the doctrine that causes of action on the case for deceit are assignable. There are not many cases bearing on the subject, and this is, no doubt, because the common law rule has met with general acquiescence. The case of *Zabriskie v. Smith* 3 Kernan 322, is directly in point against the validity of such an assignment, and is a stronger case than the present. There the deceit was practiced against a commercial firm of several members, and the action was brought by the remaining members to whom an outgoing partner had transferred his interest in the assets. It was held by the Court of Appeals that nothing passed by the assignment, and that the right was not assignable. The case is instructive on the whole subject, and points out quite clearly the distinction between personal torts and property interests.

This case was, however, relied on by defendant in error on the present record, as holding that all objection to the assignment was waived by pleading in bar. No such decision was made. It was held that the omission of one of several joint parties when all should have sued together was not fatal unless pleaded in abatement. This is familiar doctrine. The plaintiffs there were all original parties aggrieved. The only defect was that there was one more aggrieved person. If Fargo and Hart had been partners and Fargo had sued alone, the cases would have been parallel. But in the case before us Fargo never had any cause of action alone, or jointly with Hart, until Hart assigned to him. It is not a case of nonjoinder, but a suit by a party who in the eye of the law was never injured. The defense in *Zabriskie v. Smith*, it was suggested, should have been by demurrer, but it was pointed

out that this method had been substituted by the Code for a plea in abatement in cases where the defect appeared in the complaint.

The count in trover was correct, and had the jury found a verdict based on that, the recovery must have stood unless some other error appeared. We do not know how it happened that they found for the defendant below on that issue. They have done so, nevertheless, and the plaintiff below has taken no exception to any ruling that they may have imagined interfered with such a finding. From the testimony on the record we should have supposed them more likely to find the second count established than the first, which sets out the contract as joint throughout, concerning which there was controversy.

As the record is presented we must reverse the judgment. As the only count on which the verdict rests fails to show any cause of action, there can be no new trial, and plaintiff in error is entitled to costs in both courts.

The other Justices concurred.