JACOB MEYER v. MOSLER, BAHAN & CO., USE OF H. H.
WARNER.

1. REPLEVIN. *Action for usee. Title of nominal plaintiff only considered. Case in judgment.*
   B. for the use of W. brought an action of replevin against M. to recover possession of a certain safe. The contract of sale of the safe to M. provided that title thereto should remain in W. until the purchase-money was paid, and the notes for the purchase-money given by M. provided that the title should remain in a certain safe company. *Held,* that in this case the title of the usee, W., cannot be considered, and no title having been shown in B., the nominal plaintiff, the action cannot be sustained.

2. SAME. *Right to change into action for damages. Return on writ. Section 2619, Code of 1880, applied. Case in judgment.*
   In the above-stated case the return of the officer on the writ of replevin showed merely that he had served it "by leaving a true copy with M.," and it was error to allow the plaintiff to abandon his demand for the property and prosecute the action to recover the value thereof under ₰ 2619, Code of 1880, which provides that "if the return of the officer on the writ shall show a failure to take the goods and chattels, but that the defendant has been summoned, the plaintiff may declare and prosecute the action for the recovery of the value of the property and damages for the taking and detention, or for a conversion of the property as if he had thus commenced his action." The return was not sufficient under the statute to authorize the change of remedy sought.

APPEAL from the Circuit Court of Lauderdale County.
HON. S. H. TERRAL, Judge.
The case is stated in the opinion of the court.
*W. N. King,* for the appellant.

The appellee, Warner, should have interposed his claim to the property in question in the suit now pending in the United States

court in Jackson between Pollock & Co. and N. W. Hopper, and Jacob Meyer, claimant, under the claimant's issue. The pro- ceeding under the claimant's issue is a statutory proceeding, and if it was not intended to cover cases *exactly* similar to this, what is the purpose of it? Jacob Meyer, in the attachment suit of *Pollock & Co.* v. *Hopper*, made claim to the safe as the statute provides, and gave bond. This suit is still pending, though removed to the federal court. What does § 2633 of the revised code mean if appellee is not to interpose his claim by affidavit in "Judge Hill's court"? He would not be required to make bond. Now, if this Pollock suit were *determined* in favor of plaintiff or claimant, th appellee could bring his action of replevin against either for the safe, if the title is in him, or against any party in whose possession he may find it. If the appellee can subject the appellant to another and independent suit for this property, any other person, imagining he had a claim, could, and so on *ad infinitum*. I take it that the very object of § 2633 of the code is to avoid multiplicity of suits and to cover cases of this kind.

It occurs to me that this case is too plain for further argument, and I submit it respectfully.

*E. Watkins*, for the appellees.

1. I insist, first, that the evidence showed that the title to the safe at the time the suit was brought was not in H. H. Warner, but in the Mosler Safe and Lock Company.

Of course, no one will claim for a moment that appellee (War- ner) can or ought to maintain his suit if the evidence shows that he is not the owner of the safe and that the title to the same is in some one else. Such is the case. Hence he ought to fail in his suit, and the court erred in giving him judgment.

He has not shown the right of possession either by virtue of a general property as owner, nor a special property as bailee, at the time he sues. He must do this before his suit can prevail. *Buck* v. *Payne*, 53 Miss. 271.

2. The only preliminary proceeding in this case was the affida- vit. The plaintiff has never declared for the value of the prop- erty in this suit, and unless he has done so he cannot have a

judgment for the same. It is true, no pleadings are necessary in the justice courts, yet no one can proceed there without an account or cause of action answering for a declaration in a court where pleading is required. In this suit nothing of the kind has been done, and the court can no more render plaintiff a judgment here than in an ordinary suit where no cause of action had been filed. Besides, from the return of the officer in this case it is clear that the court had no jurisdiction of the subject-matter of this suit. Before the court could render judgment against appellant the return of the officer must show by an affirmative statement that he executed the writ on defendant, etc., and that not being able to find the property, he did not take it into his possession, and then if the plaintiff on this declares for the value of the property, the court can render judgment. This was not done in the suit at bar. Nothing shows but that the officer took the safe in his possession, and if he did then the judgment could only be in replevin strictly, and not in value. For this reason the judgment is erroneous and should be reversed.

COOPER, C. J., delivered the opinion of the court.

The record in this case comprises all sorts of facts and suits. Aided by the brief of counsel, we have, we think, been successful in eliminating from consideration so much of the record as has relation to another suit which had been brought by the present plaintiff against the defendant, but which had been dismissed before the institution of this action.

It seems that in 1882 a firm of Hopper & Co. bought of Warner a " Mosler " iron safe, and entered into a written contract by which the title to the safe was reserved to Warner until payment should be made of the purchase price. They then executed two notes, each of fifty dollars, payable to the Mosler Safe and Lock Company, and in the notes declared that the safe should be considered as the property of that company until the notes should be paid. Hopper & Co. then sold the safe to Meyer & Son. Afterward it was levied on under an attachment against that firm sued out by one of their creditors. Meyer interposed a claimant's issue

in that suit and gave bond for the forthcoming of the safe, after which that suit was removed to the federal court, where it is yet pending.   Hopper & Co., not having paid for the safe, this action, instituted as an action of replevin, was commenced by Mosler, Bahan & Co., who sue for the use of Warner, to recover possession of the safe from Meyer. The officer to whom the writ was directed returned that he had served it by " leaving a true copy with Jacob Meyer." Upon this return the plaintiff seems to have elected to proceed with the action to recover the value of the safe under § 2619 of the code, which declares, " If the return of the officer on the writ shall show a failure to take the goods and chattels, but that the defendant has been summoned, the plaintiff may declare and prosecute the action for the recovery of the value of the property, and damages for the taking and detention, or for a conversion of the property, as if he had thus commenced his action."

A jury was waived and the case was heard and determined by the court, which rendered a judgment in plaintiff's favor for the sum of one hundred dollars. There may be other reasons why the judgment should be reversed, but it is sufficient to indicate two, either of which is fatal to the action in its present form. It is well settled that an action of replevin cannot be brought in the name of one person for the use of another, for the action involves nothing but legal rights, and if equities are to be settled another form of action must be resorted to.   The name of the usee, therefore, may be treated as surplusage, but a recovery can only be had where it is shown that the plaintiff (nominal plaintiff) is entitled to recover. *Hundley* v. *Buckner*, 6 S. & M. 70 ; *Brown* v. *Thomas*, 28 Miss. 286 ; *Lee* v. *Gardiner*, Ib. 521 ; *Pearce* v. *Twitchell*, 41 Miss. 344.

In this suit it is manifest that Warner has been treated as the real plaintiff by all parties and by the court. What possible interest or connection Mosler, Bahan & Co. have with the suit or in the property sought to be recovered is not shown. By the contract, which appears in the record but not in the bill of exceptions, it is provided that the property in the safe should remain in Warner until payment of the purchase price ; by the notes given for

the purchase price it is agreed that the safe should continue the property of the Mosler Safe and Lock Company until payment should be made. Mosler, Bahan & Co. are the only persons connected with the litigation who have no sort of interest in its subject-matter; they have casually dropped into the litigation without any hope of gaining anything by it; the sole purpose of their intervention seems to have been to lend their approval and countenance to whoever should be inclined to demand the property of the defendant. The usee's title cannot be considered in this action, and since the plaintiffs have none it must fail. A second reason why the judgment is erroneous is that nothing appears of record which entitled them to abandon the action as one in replevin and proceed to recover the value of the safe. The return of the officer does not show "a failure to take the goods;" it does not show whether he seized the safe or made any effort so to do. It was never contemplated by the statute that a plaintiff should sue out a writ of replevin and abandon it as such without cause, and go for the value of the property demanded. The object of the law is to prevent a failure of justice by the action of the defendant in secreting or refusing to deliver the property sued for on proper demand being made by the officer therefor. It is not sufficient to justify such change of remedy that the officer, without making any effort to properly perform his duty, contents himself with handing a copy of the writ to the defendant. On both the grounds indicated the action must fail.

*The judgment is reversed and cause remanded.*