Outen sued the street railroad company, and was nonsuited. His testimony was, in brief: He boarded defendant's horse-car and paid his fare into the box. Driver told him he would put him off wherever he desired. Before he arrived at his destination he told the driver he desired to alight at the telegraph post about fifty yards ahead. On approaching that point he again told the driver he wanted to get off there. Driver replied, "I will stop; but if I don't, by G—, jump off." He was standing at this time on the front platform with the driver; three other persons also were on the front platform, and the car was crowded inside. His elbow or right arm was pressing up against the driver. The driver did not stop at the designated point, but about fifty feet beyond slacked up to a slow gait, his horses walking, and the car moving about as fast as a man would in a "peart" walk. Plaintiff (who was about seventy years old) went upon the steps to get off, placed his hand upon the iron railing of the car, his left foot on lower step, raised his right foot and stepped out straight from the car " a little in this direction " (indicating to the rear of car). Just while in this effort, the driver hit the horses and the car gave a sudden jerk, which threw plaintiff on the road, inflicting injuries. The car did not stop, but moved rapidly on.

HAL WRIGHT, by brief, for plaintiff.

---

THE CHICAGO CHEESE CO. v. SMITH & COTHRAN.

1. Where an action upon an account is brought by a partnership dissolved since the account was made, it is no cause for nonsuit that one of the partners has assigned in writing his interest in the account to the other. Both partners being before the court as parties to the action, the defendant has no interest in the question of ownership of the account, as between the plaintiffs themselves. *Gilmore* v. *Bangs*, 55 *Ga.* 403.

2. The court having inadvertently granted a nonsuit because of a

supposed defect in the action, as to parties, and not having passed upon the merits of the motion for a nonsuit as disclosed by the evidence, it was proper to reinstate the case on motion made during the same term.        *Judgment affirmed.*

July 30, 1894.

Motion to reinstate.   Before Judge TURNBULL.   City court of Floyd county.   September term, 1893.

McHENRY, NUNNALLY & NEEL, for plaintiff in error.

FOUCHÉ & FOUCHÉ, *contra*.

---

### FIELDS *v.* BUSH *et al.*

1. The will involved in the present case created an estate in the testator's widow for and during her life or widowhood, without reference to whether all the children should arrive at majority within that period or not.
2. A sale and conveyance by her of a portion of the realty embraced in the devise, the sale being made privately and without an order of the ordinary, would pass such estate as she had as devisee, but no more.
3. If the conveyance from her was procured by fraud and afterwards the property was legally sold at sheriff's sale under a judgment against her vendee, the purchaser at that sale, while he would be affected by notice of the fraud were she reclaiming the property, is entitled to hold it irrespective of the question of fraud or no fraud, during her life or widowhood, as against any claim to possession by the devisees in remainder, children of the testator.

July 30, 1894.        *Judgment reversed.*

Equitable petition.   Before Judge MILNER.   Gordon superior court.   August term, 1893.

I. N. Buckner left a will in which he appointed his wife executrix.  He bequeathed to her certain realty, including that involved in the present case; also his merchandise, furniture, notes and accounts; and provided that she should have full power to collect all debts due him " without any further as my executrix hereinafter named, during her life or widowhood," and full power to manage the property " so as to raise and educate the minor children, during her life or widowhood;