*J. D. Mell, T. S. Mell, G. C. Thomas* and *J. J. Strickland*, contra.

---

PALMOUR *v.* THE DURHAM FERTILIZER COMPANY.

*Lumpkin, J.*—1. Where the defendant in an action of bail-trover, being unable to give the security required by law, was imprisoned for a failure to deliver up the property sued for, neither a petition filed by him under section 3420(a) of the code to obtain a release from the imprisonment, nor the plaintiff's traverse or answer to the same, nor any of the proceedings had in this matter, formed any part of the pleadings upon either side in the main action.

2. If the plaintiff in such action fails to show title in himself, he cannot recover either the property sued for or its value in money, although it may be conceded at the trial that the defendant was indebted to the plaintiff for the property in question, the defense being that the defendant had purchased the property and was liable on account for its value. An action of trover, which proceeds upon the assumption that the plaintiff has the title to the property sued for, cannot under any

circumstances be converted into an action on account for the price of property sold and delivered, which necessarily involves the contrary assumption that the title had passed to the defendant.

3. The foregoing notes practically dispose of all the questions made in the motion for a new trial. *Judgment reversed.*

July 29, 1895.

Bail-trover. Before Judge Wellborn. Hall superior court. July term, 1894.

The Durham Fertilizer Company sued Palmour to recover certain bags of guano, alleged to be of the value of $416.10. Palmour, being imprisoned under the bail process, presented his petition for release from custody, on the ground that he was unable to give the bond and security required, and unable to produce the property sued for. In this petition he stated that he purchased from plaintiff several tons of fertilizer, and under the contract with plaintiff, was to give his notes for the same payable November 15 and December 15, 1890, and was to sell the fertilizer to farmers on time, taking their notes therefor, payable in November and December, 1890, and was to collect said notes, and out of the proceeds to pay said purchase notes; that under the contract plaintiff furnished him with the fertilizer, which he sold to farmers, taking their notes therefor; that these notes are not yet due, but he holds them and will proceed to collect them promptly at maturity to pay plaintiffs their proportion; and that he has tendered to plaintiff his promissory note, according to the contract, and has been and is ever ready and willing to deliver plaintiff his notes due November and December 15, 1890, in accordance with said contract, for the full amount of the fertilizer at his contract price. He was released from custody under this petition, it being provided in the order of release that, it appearing that he had sold certain of the guano and taken notes therefor, payable to himself, he be restrained from selling or assigning any of said notes, without first paying plaintiff the

amount due it thereon; and in case of collection on said notes, from using the money, without first paying plaintiff the amount due it on such collection.  It was further ordered that he make a return to the court of his collections on the guano sales, at the court to which the case stood for trial.

There was a verdict for plaintiff for $416.10, with interest.  Defendant's motion for new trial was overruled, and he excepted.  The motion alleges, beside the general grounds, that the court erred in allowing plaintiff, over objection, to treat defendant's petition for release and plaintiff's answer to the same as a part of the pleadings in the action to recover the guano; and to set up its answer to his petition for release, as a part of its original action to recover the guano; and to amend its answer to his petition for release, by inserting a prayer that on final trial it be allowed to take a judgment against defendant for the amount he owes it.

It appears that the guano sued for was furnished to defendant under a contract whereby plaintiff agreed to furnish to him certain amounts of fertilizer at certain prices, settlement therefor to be made by the first of May, 1890, by giving his notes payable in the next November and December.  For any time purchases he was to deposit with plaintiff the farmers' notes, liens and accounts arising from the sale of the fertilizers, the same to be held as collateral security for the payment of his notes, and the proceeds of such collaterals to be applied first to the payment of his notes whether mature or not.  It was further agreed, that any fertilizers shipped to him under this contract were the property of plaintiff until his notes or accounts were fully paid; and that the notes, liens and accounts arising from sales should be the property of the plaintiff until his notes or accounts were fully paid.  It further appears, that he failed to give his notes in settlement at the time stipulated, or to turn over to plaintiff

the farmers' notes or accounts. In October, 1890, demand was made on him for payment for the fertilizer sent to him, or for return of the same or delivery of the notes and the accounts he had taken for sales. The demand was not complied with, save as to turning over the portion of the fertilizer remaining in his possession; and this suit was for the balance. He insisted at the trial that, the title to the property sued for having passed out of plaintiff, it could not recover in this action, although he admitted that he owed plaintiff for the property. It was replied that, under this view, plaintiff was entitled to a verdict and judgment against defendant for the value of said property; and the court so charged, in effect. This ruling forms the basis of several grounds of the motion for new trial.

*H. H. Dean*, for plaintiff in error.