## MOORE & SINOTT *vs.* FRANK WATSON.

### WASHINGTON—APRIL 29, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Subrogation is a doctrine of equity jurisprudence, and is not usually applied in
courts of common law except in those States in which equitable remedies are
administered through the forms of law.

Owing to the strict rules of common law pleading the rights and duties which
attach to one person cannot be made to attach to another, except by force of
some statutory provision ; and there is no such statute in this State.

An action at law is not adapted to the working out of equitable relief, and the
attempt to make it so by statute generally tends to confusion.

M. and S. sold goods to W. on the guaranty of A.  The latter was obliged to and
did pay for the same to M. and S., and subsequently made a compromise settle-
ment in full of his claim against W. therefor.  Afterwards M. and S., as trus-
tees for A., replevied the same goods from W. :—

*Held,* that the plaintiff could not recover ; M. and S., having sold and received
payment for the goods, and W. having settled his account with the defendant,
there was no ground upon which the action could be maintained.

*Held,* further, that replevin cannot be brought in the name of one person for the
use of another.

*Held,* further, that the action of replevin involves only legal rights ; if equities
are to be settled, resort must be had to another form of procedure.

REPLEVIN.   Heard on plaintiffs' petition for a new trial.

TILLINGHAST, J.   This is replevin to recover certain liquors,
of the alleged value of $682.28, from the defendant.

The facts in the case are these: In 1895, one Albert M. Williams was employed by the plaintiffs as a traveling salesman, and in July of that year he sold to the defendant, for them, the liquors in question. After taking the order for the goods, and before making the sale, he mailed the order to the plaintiffs who, after looking up the financial standing of the defendant, notified Williams that they declined to fill the order. Thereupon, after some conference with the defendant, and upon being assured by him that he would be able to pay for the goods at the end of four months, Williams told him he would personally guarantee the payment thereof to the plaintiffs, which he did, and upon the strength of his guaranty alone plaintiffs made the sale to defendant and shipped the goods. The defendant subsequently failed in business and did not pay for the goods, whereupon said Williams paid the plaintiffs therefor in pursuance of his guaranty. In July, 1896, Williams agreed with the defendant to accept twenty cents on a dollar of the amount of his claim in full settlement thereof, which was duly paid by the defendant on July 14, 1896. At the time Williams paid the plaintiffs for the goods, in pursuance of his guaranty, it was agreed that if defendant ever paid the bill to them they would refund the money to him. In view of these facts the presiding justice in the Common Pleas Division directed a verdict for the defendant, and the case is now before us on the plaintiffs' petition for a new trial for alleged error in said ruling.

The ground upon which the plaintiffs, who sue as trustee for Williams, claim the right to maintain their action, is that the defendant obtained the goods in question by reason of certain fraudulent representations made to Williams as to his financial standing, and that as Williams personally guaranteed the bill to plaintiffs and subsequently paid it, he became subrogated to all of the plaintiffs' rights in the premises and is entitled to maintain this suit, they being the nominal plaintiffs only, for the recovery of said goods.

We cannot agree to this contention. Subrogation is a doctrine of equity jurisprudence, and is not usually applied in courts of common law except in those States in which

equitable remedies are administered through the forms of law. Sheldon on Subrogation, § 1, and cases cited. It is the substitution of one person for another, so that the same rights and duties which attached to the original person will attach to the substituted one; and, owing to the strict rules of common law pleading, this cannot be done in actions at law except, at any rate, where some statutory provision enables the court to permit the substitution to be made; and we have no statute in this State authorizing such a departure from the common law procedure. Nor do we think that anything would be gained if we had such a statute. An action at law is not adapted to the working out of equitable relief, and the attempt to make it so by statute generally tends to confusion. See *Hawkins* v. *Baker*, 14 R. I. 139.

But even if the doctrine of subrogation could be applied to the case at bar, yet under the undisputed facts which appear of record it would be of no avail, for it appears that the plaintiffs Moore & Sinott have no rights in the premises to which Williams could be subrogated. They were not defrauded by any misrepresentations which the defendant made, for they refused to deliver the goods on the strength thereof, so that there is no ground upon which they have the right to rescind the sale and recover the goods sold. On the contrary, they parted with their goods solely on the credit of Williams, who guaranteed the bill and afterwards actually paid it. Moreover, it is well settled that replevin cannot be brought in the name of one person for the use of another, as the action involves nothing but legal rights, and if equities are to be settled another form of procedure must be resorted to. "While the name of the usee might be treated as surplusage," says Cobbey on Replevin, § 425, "a recovery can only be had where it is shown that the plaintiff is entitled to recover. The usee's title cannot be considered in the action, and if the plaintiff have no title the action must fail." *Meyer* v. *Mosler, Bahan & Co.*, 64 Miss. 610; 20 Am. & Eng. Ency. L. 1066–7; *Hunt* v. *Strew*, 33 Mich. 85; Wells on Replevin, § 107 and cases cited; *Smith* v. *Mabry*, 9 Yerg. (17 Tenn.) 313; *Quincy* v. *Hall*, 1. Pick. 357.

Still further, the case shows that even Williams has no claim against the defendant, for he has compromised and settled the account with the defendant, since the failure of the latter, for twenty cents on the dollar. There is, therefore, no ground whatever upon which the action can be maintained.

The petition for a new trial is denied, and the case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Edward D. Bassett and Edward L. Mitchell*, for plaintiffs.
*Charles J. Arms and Albert B. Crafts*, for defendant.