### WILLIS *v.* BURCH, and *vice versa.*

A petition in an action of trover, brought by one person suing for the use of another, can not be amended by striking therefrom the name of the nominal plaintiff, so that the action may proceed in the name of the usee.

Argued October 6, — Decided October 29, 1902.

Trover. Before Judge Holden. Lincoln superior court. April term, 1902.

*Colley & Sims*, for plaintiff.   *John T. West*, for defendant.

FISH, J. Pedigo & Lyons, suing for the use of Willis, brought an action of trover against Burch. Upon the trial the court, over the objection of the defendant, allowed the petition to be amended by striking therefrom the names of Pedigo & Lyons and the words " for the use of," so that the case might proceed solely in the name of Willis. Other amendments to the petition were offered at the same time, which were disallowed. A nonsuit was granted. Willis, in the main bill of exceptions, excepts to the disallowance of

the amendments and the granting of a nonsuit, while Burch in a cross-bill complains of the allowance of the amendment striking the names of the nominal plaintiffs from the petition. From the view we take of the question presented by the cross-bill, it controls the case and renders it unnecessary to pass upon the questions made in the main bill of exceptions. · Trover is an action ex delicto; it is a suit brought for a tort ; and the rule is that the proper person to bring an action ex delicto or for a tort is he in whom the legal right or property was vested and whose legal right has been affected by the injury complained of. Barbour, Parties, *158. This rule is recognized by our Civil Code, wherein it is provided that an action for a tort must, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed. Civil Code, § 4940. If the legal right or title to the property converted was at the time of its conversion in Pedigo & Lyons, the action should have been brought in their names alone, and the striking of them as plaintiffs from the petition as brought would leave no cause of action in the usee. On the other hand, if the legal right or title to the property was in Willis at the time of its conversion, the suit should have been instituted in his name. If he was the proper party to have instituted the suit, no reason appears why he should not have done so. In actions of tort there can not be a usee, and if one is named his rights must be disregarded, and the plaintiff will fail of recovery unless the right of the nominal plaintiff be proved. See Hundley v. Buckner, 6 Smed. & M. (Miss.) 70 ; Lacoste v. Pitkin, 13 Id. 589 ; Brown v. Thomas, 26 Miss. 335 ; Meyer v. Mosler, 64 Miss. 610 ; Kansas City R. Co. v. Cantrell, 70 Miss. 329 ; Moore v. Watson (R. I.), 40 Atl. 345 ; Roof v. Chattanooga Co., 36 Fla. 284. According to these decisions, the name of the usee is mere surplusage and should be stricken as such. See also *Mitchell* v. *Georgia & Alabama R. Co.*, 111 *Ga.* 771.

When the case under consideration was formerly before this court (113 *Ga.* 1157), Mr. Justice Little, in delivering the opinion, strongly intimated that the·action was improperly brought by Pedigo & Lyons for the use of Willis, saying: "We think it is somewhat inconsistent, under the rules governing actions of this character, that one man should sue for the use of another, inasmuch as no one can recover as plaintiff unless he shows three

things: right of possession of the property in himself, wrongful con-
version by the defendant, and the value." We are aware that this
court has ruled in a number of cases, as in *Wilson* v. *First Presby-
terian Church*, 56 *Ga.* 554, and *McLewis* v. *Furgerson*, 59 *Ga.*
644, that where the action is by a nominal plaintiff for the use of
the person who should have been the real plaintiff, the petition is
amendable by striking the name of the nominal plaintiff and sub-
stituting the usee as suing in his own right; but none of the cases
was an action for a tort, and we are not aware that any court has
held that such an amendment is allowable in an action ex delicto.
It was held in *Central R. Co.* v. *Brunswick & Western R. Co.*, 87
*Ga.* 386, that ordinarily an employer can not sue for the use of an
employee for a personal injury to the latter.

· *Judgment on cross-bill of exceptions reversed; main bill of ex-
ceptions dismissed. All the Justices concurring, except Lumpkin,
P. J., absent.*