SULLIVAN, receiver, *et al. v.* CURLING.

1. A chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property.

(*a*) Where a partnership is dissolved and one partner assigns to the other all of his right, title, and interest in and to the assets of the partnership, the assignee may institute and maintain an action against such tort-feasor for the entire damage sustained by the partnership. The assignor is not a proper party plaintiff to the suit, nor is it proper that the suit be brought in the names of both partners for the use of the assignee.

(*b*) The petition was not subject to a general demurrer. Whether the petition is good as against "appropriate special demurrer" is not decided, the grounds of demurrer not being stated.

2. An allegation in a petition by one member of a partnership, that the other member thereof sold out to the plaintiff "all of his right, title, and interest in and to the assets of said partnership, plaintiff having operated the business since the date of said sale under a trade name, and being the sole and exclusive owner of all of the assets of the firm," is a sufficient allegation of assignment of a chose in action, in the absence of an appropriate special demurrer, and as against a general demurrer that "plaintiff's petition sets forth no cause of action which would authorize a judgment against defendant."

No. 1057. MAY 14, 1919. REHEARING DENIED JUNE 14, 1919.

Questions certified by Court of Appeals (Case No. 9737).

The Court of Appeals certified the following questions:

"1. Is a chose in action, founded upon tort which involves the damage of personal property, assignable?

"(*a*) Where the petition of H. B. Curling shows that a partnership, composed of himself and J. H. McLean, had a right of action sounding in tort, against a railroad company, for the alleged negligent burning and destruction of a quantity of wood belonging to the partnership, and stacked up on the right of way of the railroad company, and thereafter McLean sold to Curling 'all of his right, title, and interest in and to the assets' of the partnership, and the business was thereafter carried on by Curling in the name of the 'Curling Tie Company' (the partnership name), as a trade name for H. B. Curling, he being the sole and exclusive

owner of all of the assets of the concern, can Curling institute and maintain an action against the railroad company for the entire damage sustained by the partnership in the loss of the wood, or is McLean a necessary party plaintiff in the suit; or should suit have been brought in the names of both Curling and McLean, for the use of Curling?

"(*b*) Was the petition in this respect good as against general demurrer, or was it subject to appropriate special demurrer?

"2. If the right of action was assignable, did the petition (in the absence of an appropriate special demurrer, and as against a general demurrer that 'plaintiff's petition sets forth no cause of action which would authorize a judgment against defendant') show such an assignment to the plaintiff, by the following allegation: 'On the 1st day of July, 1916, the said J. H. McLean sold out to H. B. Curling all of his right, title, and interest in and to the assets of said partnership; said Curling Tie Company having been operated since said date as a trade name for the said H. B. Curling, and he being the sole and exclusive owner of all of the assets of said firm.'?"

*J. W. Quincey, L. E. Heath, J. Mark Wilcox,* and *S. D. Dell,* for plaintiff in error.

*McDonald & Willingham* and *Newton Gaskins,* contra.

GILBERT, J. The history of the subject of assignments of rights of action begins with the legal theory that rights of action cannot be assigned at all, on the ground that one who claims as the mere assignee of a right of action must fail in the attempt to enforce the right, because he is not in privity with the person against whom the obligation exists. In the course of ages evolution has wrought changes, and the changes have wrought some confusion. Mr. Street, in his admirable work on "Foundations of Legal Liability" (vol. 3, p. 86), after an elaborate and learned discussion of the subject and its history, including a study of the writings of such ancient authorities as Fleta and Bracton, as well as later writers, including Fitzherbert, Blackstone, and Joshua Williams, arrives at the conclusion that the following demands, claims, and rights of action are assignable: "Causes of action arising from the breach of contract of any kind (except breach of contract to marry) ; causes of action arising from tort which affect the estate rather than the person of the individual who is injured. Under

the latter head are claims arising from the carrying away or conversion of personal property, from the fraudulent misapplication of funds by the officer of a bank; from negligent or intentional injury done to the property or upon real estate." 29 Harvard Law Review, 816; 30 *Ib.* 449.

1.   There are two sections of the code of Georgia dealing with the assignability of choses in action, and these must be considered in connection with the common law on the subject.   Section 3653 of the Civil Code provides in part: "All choses in action arising upon contract may be assigned so as to vest title in the assignee." Obviously the codifiers who prepared this code had in mind the ancient rule that no chose in action was assignable, and their purpose was to except choses in action arising ex contractu. Authority was delegated to them to prepare a code "which should, as near as practicable, embrace in a condensed form the laws of Georgia, whether derived from the common law, the constitutions, the statutes of the State, the decisions of the Supreme Court, or the statutes of England, of force in this State." Since in this section no provision was made for assigning choses in action arising from torts, the law in that regard was unaltered, under the principle expressio unius exclusio alterius. *Gamble* v. *Central R. Co.,* 80 *Ga.* 595, 599, 600 (7 S. E. 315, 12 Am. St. R. 276). Thus the law remained until the adoption of the Code of 1895. The rule at common law was that "choses in action, except negotiable securities, could not be assigned so as to carry the legal title; and in a court of law any rights in them acquired by other persons than the owner could be enforced only in his name." *Western Bank* v. *Maverick Bank,* 90 *Ga.* 342 (16 S. E. 943, 35 Am. St. R. 210); Railroad *v.* Henderson, 69 Tenn. (1 Lea) 1, 3; Butler *v.* N. Y. &c. R. Co., 22 Barb. (N. Y.) 110. This rule of the common law was based upon principles of public policy which forbade the use of the machinery of the courts for any action which savored of champerty and maintenance. In the Code of 1895, § 3079, it is provided that "A right of action is not assignable if it does not involve, directly or indirectly, a right of property; hence a right of action for personal torts or for injuries arising from fraud to the assignor cannot be assigned." This code was, as a whole, enacted into law by the General Assembly, and the section appears in the Code of 1910 as § 3655. This section was derived from the decision in

the case of *Central R. Co.* v. *B. & W. R. Co.*, 87 *Ga.* 388 (13 S. E. 520), and works a modification of the common law as it stood in this State previously to that time. It is to be assumed that none of the words in this section were employed without a meaning. It had been the law from the earliest times that a chose in action arising out of tort was not assignable, and it was not necessary to enact this section of the code in order to establish that principle. We think, therefore, that when the legislature said that "a right of action is not assignable if it does not involve directly or indirectly a right of property," the converse necessarily follows, that is, a right of action is assignable if it does involve directly or indirectly a right of property. This is in harmony with the rule as laid down by Mr. Street, as stated above, and with the trend of modern authority. *Louisville & Nashville R. Co.* v. *Morse,* 143 *Ga.* 110 (84 S. E. 428) ; 2 R. C. L. 613, 614; 5 C. J. 889, § 55; 38 Cyc. 463; 15 Enc. Pl. & Pr. 487 et seq., North Chicago St. R. Co. *v.* Ackley, 171 Ill. 100 (49 N. E. 222, 44 L. R. A. 177) ; Zabriskie *v.* Smith, 13 N. Y. 322 (64 Am. D. 551) ; Dayton *v.* Fargo, 45 Mich. 153 (7 N. W. 758) ; Comegys *v.* Vasse, 1 Pet. 193), 212 (7 L. ed. 108).

In the case of *Allen* v. *Macon &c. R. Co.*, 107 *Ga.* 838, 845 (33 S. E. 696), it was said that "A claim for damages by reason of a trespass necessarily is one arising ex delicto, and therefore is not legally assignable in this State." Without explanation it would appear that this case is in conflict with the conclusion which we have reached above. We find, however, from examination of the original record in the case that the petition was filed in the trial court in the year 1893, and therefore falls in the same class with *Gamble* v. *Central R. Co.*, and *Central R. Co.* v. *B. & W. R. Co.*, supra; all of them having reference to cases instituted prior to the adoption of the Code of 1895. We therefore answer the first question propounded by the Court of Appeals in the affirmative; that is, such a chose in action is assignable.

(a) The assignee may institute and maintain an action against the defendant tort-feasor for the entire damage sustained by the partnership. The assignor, retiring partner, is not a proper party plaintiff to the suit; and it was not proper that the suit should have been brought in the names of both partners for the use of the assignee. The Civil Code (1910), § 5517 provides: "An action

for a tort must *in general* be brought in the name of the person whose legal right has been affected and who was legally interested in the property at the time the injury thereto was committed, and against the party committing the injury either by himself, his servant, or agent in his employment." We have already established that rights of action arising in tort, which involve directly or indirectly the right of property, are assignable. The code section which we have just quoted was also cited in the case of *Willis* v. *Burch,* 116 *Ga.* 374, 375 (42 S. E. 718), which was a trover suit; and the conclusion was drawn therefrom that if the legal right or title to the property was at the time of its conversion in the plaintiffs, the action should have been brought in their names alone, and the striking of them as plaintiffs from the petition as brought would leave no cause of action in the usee.

We have, then, to deal with this situation: The chose in action is assignable. It has been assigned. Suit cannot be brought in the name of the nominal plaintiff for the benefit of a named usee. It cannot be brought in the name of a nominal plaintiff, because he has parted with his right, title, and interest in the subject-matter. This brings us face to face with the proposition that the plaintiff has the right, title, and interest in an assignable chose in action, which is intangible property. 1 Words & Phrases (N. S.), 684; *Wayne* v. *Hartridge,* 147 *Ga.* 127, 131 (92 S. E. 937) ; 22 R. C. L. 66. And under our code, wherever there is a right there is a remedy, To solve the difficulty we must "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." Civil Code, § 4, par. 9. We will therefore consider the code sections 3653, 3655, and 5517 together with the history of the assignability of choses in action. Out of the apparent conflict certain principles are obvious. Originally it was essential that the person having title at the time of injury to the property should bring the suit, for the reason that it was not assignable. As choses in action became assignable by piecemeal, the rule disappeared as to those which became assignable. Under the provisions of our first code, choses in action arising ex contractu were made assignable, and shortly thereafter this court, in the case of *Fountaine* v. *Urquhart,* 33 *Ga. Supp.* 184, decided that the assignee could maintain his action without making the assignor a party ; and again to the same effect in *Mordecai* v.

*Stewart,* 37 *Ga.* 379. See also *Liverpool &c. Ins. Co.* v. *Ellington,* 94 *Ga.* 785, 787 (21 S. E. 1006); *Chicago Cheese Co.* v. *Smith,* 94 *Ga.* 663 (20 S. E. 106); 15 Enc. Pl. & Pr. 859, and note 2.

As we have shown, until 1895 no choses in action arising ex delicto were assignable, and by virtue of the principles which had always obtained such a suit could not be maintained by a usee or by a nominal plaintiff for the benefit of a named usee.

Section 5517 of the Code of 1910 appeared in the first Code (of 1863), and has been brought forward in each succeeding code. It was therefore enacted at a time when choses in action arising ex delicto were not assignable. It was merely the enactment of the common law as stated by Chitty. 1 Chitty on Pleading, 90. When the provisions of § 3655 were introduced into the code, § 5517 necessarily became modified; otherwise the enactment would be inoperative for lack of remedy. After section 3655 became law, however, there were still some actions arising ex delicto which were not assignable, to wit, all such as did not involve directly or indirectly a right of property.

, The conclusion is irresistible, when we consider the words "in general," found in § 5517, that the logical and proper construction, consistent with the history and with all of the code sections bearing upon the subject, is that in all actions arising ex delicto not involving a right of property, and therefore not assignable, the suit must be brought by the party who suffered the injury or tort, and that in such a case there could be no usee. Where, however, the right of action does involve directly or indirectly a right of property, it is assignable, and the assignee must bring the suit in his own name without joining the assignor, which is the same rule that obtains in regard to choses in action arising ex contractu. 1 Chitty on Pleading, 99. In other words, as soon as the General Assembly made a certain class of choses in action assignable, it took this class out of the general rule mentioned in code § 5517, and the rule became the same as already existed in the case of choses in action arising ex contractu. In both cases the assignability determined the mode of procedure. The general rule, as it was at common law, is that the right of action at law is vested solely in the person having the strict legal title and interest. Civil Code, § 5517; *Haug* v. *Riley,* 101 *Ga.* 375 (29 S. E. 44, 40 L. R. A. 244); 15 Enc. Pl. & Pr. 484. Title is determined by

assignability. *Reed* v. *Janes,* 84 *Ga.* 380, 390 (11 S. E. 401); *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 760, 771 (36 S. E. 971, 51 L. R. A. 622).

The case of *Willis* v. *Burch,* supra, is not in accord with the conclusion as above stated. It will be observed, however, that this case was a decision by five Justices, and is not binding, especially in view of the fact that it is not in harmony with the new legislation introduced into the Code of 1895.

Nothing ruled in the case of *McElmurray* v. *Harris,* 117 *Ga.* 919 (43 S. E. 987), necessarily conflicts with the rule which we have herein adopted, as it developed on the trial of that case that the plaintiff had parted with his title to the property sued for, by selling it to a third party. The plaintiff could not, therefore, recover in his own name. The verdict in his favor for the use of his vendee was allowed to stand, because there was no appropriate objection made on the trial.

In the case of *McEachern* v. *Edmondson,* 122 *Ga.* 80 (49 S. E. 798), the statement that "the rule in actions ex contractu by which the name of the original plaintiff may be stricken and the cause allowed to proceed in the name of the usee, if the latter has a legal right to maintain the suit, does not apply to actions ex delicto," was not necessary to a proper decision of that case, and therefore is not binding. In that case a contract conveying certain timber rights had been made; the grantee sold his rights to a third party, after which the original vendor breached the contract by refusing to allow the transferee to cut the timber; and the last named sued the original vendor for damages. This was not a case involving the assignability of choses in action. The cause of action arose after the assignment of the contract in regard to timber.

The expression in the case of *Southern Railway Co.* v. *Barrett,* 141 *Ga.* 584 (81 S. E. 863), which apparently conflicts with the conclusion at which we have arrived, is not really a ruling of the court. It expresses a doubt as to the assignability of a chose in action ex delicto, but that question was not involved in the case. At p. 588 the opinion stated that "it was not even distinctly alleged that there was an attempted assignment. It is not an instance of assignment of title to property with the incidental right to sue for it or for the deprivation of it."

(*b*) The petition was good as against a general demurrer.

Whether it is good as against "appropriate special demurrer" is not decided, the grounds of demurrer not being set out in the certified question.

2. The second question is answered in the affirmative.

*All the Justices concur, except Fish, C. J., and Beck, P. J., who dissent.*