11480.　EVERROAD *et al.* v. DICKSON PLANING MILL CO.

STEPHENS, J.　1. A plaintiff in trover must recover on his own title and not on a lack of title in the defendant. Where it appears that the title was originally in the plaintiff and would have continued in him but for a sale by him to one from whom the defendant claims title, the plain-tiff may, in establishing his own title, show an adjudication voiding the sale and re-establishing his title, had in a proceeding between him as an intervening claimant and his vendee in a bankruptcy proceeding, which had been instituted against the vendee, which intervention was filed and adjudication had after the defendant had made his alleged purchase under which he claims title from the plaintiff's vendee; and it will not be necessary for the plaintiff to show that the defendant was a party to such intervention proceedings when the evidence fails to establish any facts which will warrant the inference that the defendant acquired any title from the plaintiff's vendee.

2. Although the property was delivered by the plaintiff's vendee to the defendant under a contract of sale between them, by the terms of which the defendant was, as a condition to the sale, to cause promissory notes to be executed to the plaintiff's vendee for the payment of the purchase-money, no title passed into the defendant, because of his failure to execute the notes. *Wheeler & Wilson Mfg. Co.* v. *Irish American Dime-Savings Bank,* 105 *Ga.* 57 ·(31 S. E. 48).

3. Applying the above principle of law to the undisputed facts as shown by the evidence, a verdict for the plaintiff was properly directed.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 24, 1921.

Trover; from Fulton superior court — Judge George L. Bell. January 6, 1920.

The Dickson Planing Mill Company shipped a carload of lum-

ber to the Phœnix Planing Mill Company on or about October 3, 1917. The latter company went into bankruptcy on October 25, 1917. The other company, by proper proceedings in the bankruptcy court, set aside the sale of the lumber to the bankrupt, on account of fraudulent representations by the bankrupt, and secured an adjudication re-establishing in the plaintiff the title to the lumber. In the meantime one G. B. Everroad secured possession of the lumber, under an alleged contract of sale between him and the bankrupt, whereby he was to execute and deliver to the bankrupt certain promissory notes. The notes were not executed and delivered. The Dickson Planing Mill Company brought bail-trover against Everroad, and upon the trial the judge directed a verdict for the plaintiff; to which the defendant excepted.

*Burress & Dillard,* for plaintiff in error.
*Smith, Hammond & Smith,* contra.