14291.　DUNLAP-HUCKABEE AUTO COMPANY *v.*
CENTRAL GEORGIA AUTOMOTIVE COMPANY.

JENKINS, P. J.　A sold an automobile to B, retaining the title, by a prop-
erly recorded instrument, until payment of the balance due on the
purchase price. The contract provided that the car should not be sold
until fully paid for. B procured C, as his agent, to sell the machine to
D, C acting innocently. D, who also acted innocently, then took the
car to A, the original owner, which still retained the title under the paper
mentioned above, and A, without actual knowledge that the car was
already its own property, purchased the car from D for $1,150. After
thus regaining possession, A sold the machine to another, for a con-
sideration which is not disclosed by this record. Upon discovering the
situation, A sued C, the agent of B, in trover. It appears that all the
parties except B acted in good faith. A having elected to take a money
verdict, the trial judge, on these undisputed facts, directed a verdict
in A's favor for $300, the balance due on the purchase-money note. The
superior court sustained C's certiorari, and entered a final judgment in
his favor against A's right to proceed; to which A excepts. *Held:*
"The undisputed testimony showing that the plaintiff in the action of
trover had parted with . . title prior to the institution of the suit and
had not reacquired it," a verdict for the plaintiff could not be sustained.
*Prater* v. *Painter,* 6 *Ga. App.* 292, 293 (64 S. E. 1003); *Hall* v. *Simmons,*
125 *Ga.* 801 (2) (54 S. E. 751); *Cox* v. *Fairbanks Co.,* 29 *Ga. App.* 538
(3) (116 S. E. 43); *Everroad* v. *Dickson Planing Mill Co.,* 26 *Ga. App.*
329 (106 S. E. 193); *Monk* v. *Jackson,* 25 *Ga. App.* 25 (102 S. E. 382).
Irrespective of other questions raised by the record and the briefs, and
irrespective of any other right or remedy which the plaintiff might have,
since it affirmatively appears that the plaintiff had sold the automobile
in question to another, thus parting with all of its title prior to the
suit, which sale is in no wise questioned, it could not maintain such an
action as was here instituted. The superior-court judge properly sus-
tained the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 23, 1924. REHEARING DENIED FEBRUARY 28, 1924.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones.
January 9, 1923.

Application for certiorari was denied by the Supreme Court.
*Strozier & Deaver,* for plaintiff.
*Turpin & Lane,* for defendant.

ON MOTION FOR REHEARING.

JENKINS, P. J.　The plaintiff in error files a motion for rehear-
ing in this case, based upon two grounds: (1) that the decision,
laying down the proposition that in a trover suit it must appear
that title was in the plaintiff at the time the suit was instituted,

does not state the correct rule, but that the rule is that a suit in trover must be maintained by the party who held title at the time of the alleged conversion; and (2) that the record does not indicate that the plaintiff had parted with his title at the time the suit was instituted.

1. Able counsel for plaintiff in error, in support of their first proposition, rely upon the cases of *Willis* v. *Burch,* 116 *Ga.* 374 (42 S. E. 718); *McElmurray* v. *Harris,* 117 *Ga.* 919 (43 S. E. 987); *Tharp* v. *Anderson,* 31 *Ga.* 293. In the *Willis* case, the Supreme Court held as follows: "Trover is an action ex delicto; it is a suit brought for a tort; and the rule is that the proper person to bring an action ex delicto or for a tort is he in whom the legal right or property was vested and whose legal right has been affected by the injury complained of. Barbour, Parties, 158. This rule is recognized by our Civil Code, wherein it is provided that an action for a tort must, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed. Civil Code [of 1895], § 4940" (Civil Code of 1910, § 5517).

In the *McElmurray* case it was said: "The right to sue in an action of trover is in the party in whom the title to the personalty was at the time of the conversion. *Willis* v. *Burch,* 116 *Ga.* 375. Where such party sues in trover for the use of another, the name of the usee may be treated as surplusage. *Mitchell* v. *Ry. Co.,* 111 *Ga.* 771; *Willis* v. *Burch,* supra. Accordingly, where one who has the legal right brings an action of trover, and pending the action sells the property to another; and where, without objection, the plaintiff amends his petition so as to make it a suit for the use of his vendee, the sale of the property does not defeat his right to recover, and the allowance without objection, of the unnecessary amendment, will not invalidate the verdict and judgment in his favor." It has frequently been said that our statutory action of trover is a substitute for the old common-law actions of detinue, replevin, and trover, and combines characteristics of the first and last of these actions. *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 760, 761, 762 (36 S. E. 971, 51 L. R. A. 622); *Delaney* v. *Sheehan,* 138 *Ga.* 510, 513 (75 S. E. 632). The injury sought to be remedied is always an illegal conversion of property. *Southern Express Co.* v. *Sinclair,* 130 *Ga.* 372, 373, 374 (60 S. E. 849); *Jeems* v. *Lewis,* 13

*Ga. App.* 456 (3) (79 S. E. 235). The action is therefore one ex delicto and lies in tort. Under the law as it formerly was, that a cause of action in tort could not be assigned, an action in trover could not therefore have been employed by any one in whom the title to the property did not lie at the time the 'property was illegally converted. See *Sullivan* v. *Curling,* 149 *Ga.* 96, 102 (99 S. E. 533, 5 A. L. R. 124), criticising the ruling made in the *Willis* case. The question here involved is not, however, whether title to the property must have been in the plaintiff at the time of the conversion; but whether it must have been in him at the time his suit was institued. Whatever in some cases may now be the rule as to that, an action in trover is something more than an ordinary action in tort, because, as has been said, "the sole issue in the trial of an action of trover is that of title to the property in dispute; and the fact that the plaintiff may elect to take a money verdict in lieu of the specific personalty claimed can in no event alter that issue." *Berry* v. *Jackson,* 115 *Ga.* 196, 197 (41 S. E. 698, 90 Am. St. R. 102); *Campbell* v. *Trunnell,* 67 *Ga.* 518 (4); *Barfield Music House* v. *Harris,* 20 *Ga. App.* 42, 47 (92 S. E. 402); *Birmingham Fertilizer Co.* v. *Cox,* 10 *Ga. App.* 699 (2) (73 S. E. 1090). In such a suit the true issue of title cannot be changed into a mere action for damages or for one on account. In *Palmour* v. *Durham Fertilizer Co.,* 97 *Ga.* 244 (2) (22 S. E. 931), the Supreme Court held: "If the plaintiff in such action fails to show title in himself, he cannot recover either the property sued for or its value in money, although it may be conceded at the trial that the defendant was indebted to the plaintiff for the property in question, the defense being that the defendant had purchased the property and was liable on account for its value. An action of trover, which proceeds upon the assumption that the plaintiff has the title to the property sued for, cannot under any circumstances be converted into an action on account for the price of property sold and delivered, which necessarily involves the contrary assumption that the title had passed to the defendant." · In the case of *Sullivan* v. *Curling,* supra, the Supreme Court in discussing the *McElmurray* case said: "The plaintiff had parted with his title to the property sued for, by selling it to a third party. The plaintiff could not, therefore, recover in his own name." It therefore appears that, whatever may be the rule in certain cases, under the law as it now

exists, relative to the assignment of actions in tort, as to the necessity of the property having been owned by the plaintiff at the time the tort was committed, the title must nevertheless be in the plaintiff at the time the action in trover is instituted. The rights of parties are always fixed and determined by the status existing at the time a suit is instituted. *Burch* v. *Daniel,* 109 *Ga.* 256, 258 (34 S. E. 310) ; *Suwanee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597 (35 S. E. 142). In support of our ruling, what was held by the Supreme Court in *Hall* v. *Simmons,* 125 *Ga.* 801 (supra), appears to be plain and conclusive. It was there said that "when in the trial of an action in trover it appears that prior to the institution of the suit the plaintiff had parted with the title to property involved, it is not erroneous to grant a nonsuit at the conclusion of the plaintiff's evidence." The law as there stated has been followed by numerous decisions of this court, some of which are cited in the original decision in this case. Whatever other rights or remedies a plaintiff might have, in a case where property previously belonging to him was illegally converted at a time when the title was vested in himself, we do not think that he is entitled to maintain an action in trover where it appears that at the time the suit is instituted he does not own and does not claim the property for which he sues. Moreover, under the allegations of the petition, it appears that plaintiff's claim is actually based upon an alleged title existing in itself at the time the suit was filed, and not upon title existing at the time of the alleged conversion.

2. It appears from the record that the plaintiff ignorantly bought back its own car on April 2, 1921, and that the trover suit was instituted in November, 1921, about seven months thereafter. The secretary and treasurer of the plaintiff corporation testified as a witness for the plaintiff as follows: "This car came back into the possession of Dunlap-Huckabee Auto Company on April 2, 1921, being purchased by said company from Lockett in ignorance of the fact that it was the car we had sold to Parker and to which we retained title. We paid Lockett $1150 for this car, and it was worth it. Thereafter we sold the car, but I have forgotten to whom we sold it or what price it brought." The plaintiff's contention is that, since title in itself was shown by the introduction of the original purchase-money note and contract evidencing a conditional sale, title will be presumed to have remained in the plaintiff until

the contrary is shown; and that the plaintiff's evidence quoted does not indicate that it had parted with title at the time its suit was filed, but title presumably continued to remain with it. The evidence of the plaintiff's witness should be given a reasonable construction and intendment. In his testimony as to the facts with reference to the issues involved in the action, it will be more reasonable to assume that his evidence, unless the contrary appears, relates to relevant matter which transpired prior to and not subsequent to the institution of the action. This officer of the corporation in testifying for the plaintiff was undertaking to give the facts as they related to the cause of action made by the petition. It cannot reasonably be assumed that his testimony related to an irrelevant and immaterial transaction, in no wise germane to the suit, occurring after the action was instituted. The burden of proof being upon the plaintiff to establish its title at the time the suit was instituted, proof merely to the effect that it at one time had title but had parted with it cannot be taken as carrying this legal burden. The doctrine of continuity, that a state of facts once shown to exist has continued to exist, does not have application where the plaintiff who relies upon it merely as a presumption clouds the presumption in his favor by himself showing that the status has not in fact continued to exist, and where, in order for his testimony to even permit the construction that it had continued to exist at the time the suit was instituted, it is necessary to construe the testimony offered for the plaintiff as being altogether irrelevant and immaterial to the cause of action.